Thelma M. McCLUNG, Appellant,

v.

Robert M. KOMORN, Appellee.

No. C2930.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 28, 1982.

Norman W. O'Neil, Jr., Houston, for appellant.

Don Karotkin, Funderburk & Funderburk, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal arises out of an order by the trial court granting summary judgment in favor of appellee. The sole question presented at the hearing below, and in this appeal, is whether the notice provisions of the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01 (Vernon Supp.1980), concerning the tolling of the statute of limitations, are met by the mailing or by a receipt of the written notice. This is a case of first instance which requires we interpret the intent of the legislature in writing the statute. After a close reading of the Act, including the findings and purposes under § 1.02, the applicable case law and comparable notice provisions of other statutes, we hold that written notice, so as to toll the two year statute of limitations by 75 days as provided by § 4.01(c), is effective upon the deposit of certified mail, return receipt requested in accordance with § 4.01(a), with the United States Postal Service. We therefore hold the statute of limitations was tolled in this case by appellant's mailing of notice to appellee, and we reverse for a trial on the merits.

This is a medical malpractice case. Appellant complains she received a personal injury during a surgical procedure performed by appellee on January 30, 1979. On January 13, 1981, appellant, through her attorney, mailed written notice of a claim to appellee by certified mail, return receipt requested, as provided by Article 4590i, § 4.01(a). That statute provides:

(a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

Notice was not received by appellee, however, until February 3, 1981, four days after the two year statute of limitations would have run on the injury. On April 3, appellant filed her action in District Court. The Act provides for a 75 day tolling of the statute of limitations during the written notice period:

(c) Notice given as provided in this Act shall toll the applicable Statute of Limitations to and including a period of 75 days following the giving of the notice, *and this tolling shall apply to all parties and potential parties.*

Section 4.01(c) (emphasis supplied). The Act is silent as to how notice becomes effective, only stating it must be given by certified mail sixty days prior to filing suit. Appellant maintains her notice was effective on January 13, 1981 when the certified letter was mailed with the United States Postal Service. Once this notice was given, appellant contends the statute of limitations was tolled or extended for 75 days. Appellee proposes a different interpretation of the Act. He asserts notice is not effective under the provisions of § 4.01 until it is received. Since he did not possess knowledge of the claim until he received the certified letter on February 3, appellee argues he did not have "notice" until after the statute of limitations had run. This being the case, the suit was properly barred by the court's summary judgment order.

We accept appellant's interpretation of § 4.01 and hold that notice is effective and satisfies the requirements of the statute when it is mailed. Section 4.01(a) specifies a particular method of providing notice: by certified mail, return receipt requested. Section 4.01(c) provides that if this method is followed, the statute of limitations will be tolled for 75 days. Appellant carefully followed the notice provisions of the Act. Appellant mailed written notice by certified mail to appellee before the running of the two year statute of limitations. In that appellant did what was required of her by § 4.01, there was nothing more she could have done in accordance with the statute. The notice provisions were met and notice was effective.

A close reading of Section 4.01 leads to this conclusion. Subsection (c) is the provision of primary concern, for it authorizes the tolling of the statute of limitations. When this subsection speaks of "[n]otice given as provided in this Act ..." it makes reference to the method of notice specified in subsection (a). It is clear, therefore, the applicable statute of limitations is tolled when a claimant follows subsection (a), as was done in this case. Further, subsection (c) gives support to our interpretation that notice is effective when mailed by its statement "this tolling shall apply to all parties and potential parties." Effective notice is a prerequisite to the tolling of the limitations period, which in turn applies to all potential parties under subsection (c). It would be impossible for "notice" to toll the statute of limitations if "notice" was not effective until received by a potential party. It is clear that if the tolling applies to potential parties, notice must be effective prior to those parties receiving it. This leads to the inescapable conclusion notice is effective when mailed.

Our interpretation of Section 4.01 finds support in the general common-law of the state concerning notice provisions of statutes. In *Texas Real Estate Commission v. Howard*, 538 S.W.2d 429 (Tex.Civ.App.— Houston [1st Dist.] 1976, writ ref'd n.r.e.), a case concerning the revocation of a real estate broker's license, the court held that when a statute (Article 6573a) expressly provides the method of notice is to be by certified mail, notice is effective when mailed. *Id.* at 433. See *Buckner v. Anderson-Dunham, Inc.*, 482 S.W.2d 350 (Tex.Civ. App.—Eastland 1972, writ ref'd n.r.e.).

Appellee maintains this rule does not extend to the Medical Liability and Insurance Improvement Act, but contends that when notice is required by a statute in which legislature has not specified the exact manner to effectuate that notice, the person to be informed must receive actual notice before it will be effective. While he states the general rule of law, the companion of that rule is more important to the facts of this case. "When the Legislature has directed the manner of giving notice affect-

ing property rights (through a notice provision), the statute must be strictly complied with." *Johnson Service Co. v. Climate Control Contr. Inc.*, 478 S.W.2d 643, 645 (Tex. Civ.App.—Austin 1972, no writ); *Realty Trust Co. v. Lindsey*, 129 Tex. 516, 105 S.W.2d 210 (1937). Section 4.01 specifies notice is to be given by certified mail, return receipt requested. Appellant complied with the provisions of the statute. We can require no more.

Appellee attempts to distinguish the above cases by bringing to our attention this is an action in tort. Appellee argues the above cases involved questions of contract, and while notice is effective when mailed in contracts law, it is only effective upon receipt in tort actions. Appellee's argument would be attractive if this statute did not specify a method of notice. But since Section 4.01(a) requires the use of certified mail, adopting appellee's argument would force claimants to resort to alternative methods of service while ignoring clear statutory direction. We cannot require personal service for notice when the statute specifies otherwise.

■ Appellee finally asserts our interpretation of the statute is wrong because it goes against the purposes of the Act: to reduce the incidence of lawsuits by providing opportunity for resolution of the claims. Appellee argues our interpretation of the notice provision allows notice to be mailed but never received, thereby canceling any opportunity for resolution and allowing for a suit to be instituted after the running of the two year statute of limitations. We disagree. We believe it is appellee's interpretation that would go against legislative intent. The legislature has specifically stated there is a two year statute of limitations applicable to health care liability claims that can be extended for 75 days while resolution is attempted between the parties. The only time the 75 day extention would be necessary is in situations like the one at bar, when the statute of limitations is about to run. If notice were not effective until received (and the 75 day exten-

tion not effective until notice was received), the two year statute of limitations would in effect be shortened. In addition, a prospective defendant could continue to refuse to accept the certified notice until after the limitations period had run so as to circumvent a lawsuit. It is well established that Texas courts must protect plaintiffs by liberally construing a notice of claim statute when a suit is against a private defendant. *Burdett v. Methodist Hospital*, 484 F.Supp. 1338 (N.D.Tex.1980); *Harleysville Mutual Ins. Co. v. Frierson*, 455 S.W.2d 370 (Tex. Civ.App.—Houston [14th Dist.] 1970, no writ). Our reading of the statute comes within the purposes of the Act.

We therefore hold appellant's notice of claim was effective for the purpose of tolling the statute of limitations in conjunction with § 4.01(c) when she followed the provisions of the Act by mailing her certified letter on January 13, 1981. This being the case, appellant's action is not barred by the statute of limitations. The order granting summary judgment is reversed and the case is remanded for a trial on the merits.