**Affirmed and Opinion filed June 2, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01148-CV

### FRED MYLES, Appellant

### V.

### ST. LUKE'S EPISCOPAL HOSPITAL, Appellee

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2012-36049**

## O P I N I O N

Appellant Fred Myles sued appellee St. Luke's Episcopal Hospital for injuries he sustained while admitted there. The trial court granted summary judgment in favor of St. Luke's, ruling that Myles's claim was barred by the two-year statute of limitations and his presuit notice was ineffective to toll the limitations period. We affirm.

## BACKGROUND

On April 7, 2010, Myles was admitted to St. Luke's Episcopal Hospital (the Hospital) and diagnosed with severe cervical stenosis and cervical myelopathy. Myles was discharged from the Hospital on April 20, 2010 and transferred to the Institute for Rehabilitation and Research. On April 3, 2012, Myles sent the Hospital a notice of a health care liability claim, pursuant to section 74.051 of the Texas Civil Practice and Remedies Code, along with the statutorily required medical authorization form.

Myles sued the Hospital on June 21, 2012, more than two years after the date he was discharged from the Hospital. The Hospital filed a traditional motion for summary judgment, alleging that Myles's lawsuit was barred by the two-year statute of limitations because his presuit notice was insufficient to toll the limitations. The trial court granted the Hospital's motion for summary judgment on September 18, 2013.

## STANDARD OF REVIEW

We review de novo the trial court's ruling on a motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id*. A genuine issue of material fact exists if the nonmovant produces more than a scintilla of probative evidence regarding the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish all elements of an affirmative defense. *Sci. Spectrum, Inc. v.*

*Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661.

### ANALYSIS OF MYLES'S ISSUE

In a single issue, Myles contends that the trial court erred by granting summary judgment because his presuit notice was sufficient to toll the statute of limitations for his claim.

Health care liability claims have a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 74.251(a). The statute of limitations commences from (1) the occurrence of the breach or tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 835 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). There is no dispute that Myles filed suit more than two years after his cause of action accrued. The question that is dispositive of this appeal is whether the medical authorization form attached to Myles's presuit notice was effective to toll the limitations period.

A claimant can obtain a seventy-five-day tolling period by complying with certain notice requirements found in Chapter 74 of the Texas Civil Practice and Remedies Code. The two-year limitations period is tolled for a period of seventy-five days if the claimant provides both the notice and medical authorization form required by Chapter 74. Tex. Civ. Prac. & Rem. Code § 74.051(a), (c); *see also Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) ("[F]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form."). The notice requirements provide, in relevant part:

3

Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

Tex. Civ. Prac. & Rem. Code § 74.051(a). Section 74.052 prescribes the "Authorization Form for Release of Protected Health Information," stating:

Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

Id. § 74.052(a). Section 74.052(c) states that the required medical authorization form "shall be in the following form," and it proceeds to give the text of the form, with several blanks to be filled in with information specific to the claimant's claim. Id. § 74.052(c). Thus, the seventy-five-day tolling period is triggered if the claimant gives notice "as provided" in Chapter 74. Id. § 74.051(c). A medical form that does not contain the statutorily required information of section 74.052 does not toll the statute of limitations when the missing information "interferes with the statutory design to enhance the opportunity for presuit investigation, negotiation, and settlement." See Mitchell, 376 S.W.3d at 837–38 (holding that because plaintiffs' medical authorization form "neglected to comply with both the treating-physicians-disclosure requirement and the authorization-to-obtain-records requirement," presuit notice was insufficient to toll limitations); Nicholson v. Shinn, No. 01-07-00973-CV, 2009 WL 3152111, at *6 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.) (holding that because plaintiff's notice

4

"failed to substantially comply with sections 74.051 and 74.052," presuit notice was insufficient to toll limitations).

The notice and authorization form are intended to afford the defendant the ability to investigate the claim and resolve it prior to protracted litigation. Tex. Civ. Prac. & Rem. Code § 74.052; *Brannan v. Toland*, No. 01-13-00051-CV, 2013 WL 4004472, at *2 (Tex. App.—Houston [1st Dist.] Aug. 6, 2013, pet. denied) (mem. op.). The authorization form grants the defendant physician or health care provider authorization to disclose the plaintiff's medical records. *Id*. The notice and medical authorization form encourage presuit investigation, negotiation, and settlement of health care liability claims. *See Carreras*, 339 S.W.3d at 73 ("The Legislature intended that 'by requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide[] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage.'").

Here, Myles sent notice of his health care liability claim and the medical authorization form on April 3, 2012. The beginning part of Myles's form tracks the statutorily prescribed text. *See* Tex. Civ. Prac. & Rem. Code § 74.052(c) ("I, _____ (name of patient or authorized representative), hereby authorize _____ (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes . . . ."). The form must identify the plaintiff's treating physicians for the five years before "the incident made the basis of the accompanying Notice of Health Care Claim," and authorize the defendants to obtain the plaintiff's medical records from these physicians. *Id*. The form also must indicate "none" or list the name of each physician or health care provider to whom the authorization does not apply and the

5

inclusive dates of examination, evaluation, or treatment to be withheld from disclosure. *Id*.

As the Hospital points out, Myles's form deviates from section 74.052(c) in at least two ways: (1) it does not identify Myles's treating physicians for the five years before "the incident made the basis of the accompanying Notice of Health Care Claim" and (2) it does not identify the physicians to whom the authorization does not apply. *See id*.; *see also Nicholson*, 2009 WL 3152111, at *5. Myles argues that the seventy-five-day tolling provision should nonetheless apply because his form substantially complied with section 74.052. Myles contends that the omission is immaterial because he was admitted at the Hospital so "there was no doubt as to who the health care providers were."

The importance of disclosing the plaintiff's treating physicians for the previous five years has been discussed in several cases. *See Mitchell*, 376 S.W.3d at 838; *Nicholson*, 2009 WL 3152111, at *6. In *Nicholson*, the court stated that the plaintiff's "failure to list her treating physicians for the past five years essentially rendered [her] authorizations meaningless because such an omission discouraged defendants from undertaking an investigation to evaluate [her] claim." 2009 WL 3152111, at *6. The court concluded that the plaintiff's form did not comport with the Legislature's stated intent of encouraging presuit negotiations and avoiding unnecessary litigation. *Id*. Similarly, the *Mitchell* court noted that the plaintiff's failure to include this information rendered the authorization form insufficient to toll the limitations period. 376 S.W.3d at 838. The court stated that "[t]he notice requirement's purpose of obtaining information is not fulfilled if [the defendant] is deprived of the opportunity to explore [the plaintiff's] past medical history, including these preexisting conditions, for purposes of evaluating (and potentially settling) his claim." *Id*. By excluding this information, Myles's medical

authorization form failed to substantially comply with sections 74.051 and 74.052.[1] We agree with our sister court that the missing information in this case interfered with the statutory design to enhance presuit investigation, negotiation, and settlement and that therefore the form was insufficient to toll the statute of limitations.

In support of his contention, Myles points to *Mock v. Presbyterian Hospital of Plano*, a case in which the plaintiffs sent notice and provided the statutorily prescribed authorization form, but completed one of the blanks incorrectly by entering the name of the defendant physician's attorney, rather than the physician. 379 S.W.3d 391, 394 (Tex. App.—Dallas 2012, pet. denied). The plaintiff properly entered the physician's name in four similar fields. *Id*. at 395 n.2. The court held that the form was effective to trigger the tolling provision, despite the mistake. *Id*. at 395 ("Although one blank was filled out incorrectly in what appears to have been an inadvertent mistake, the medical authorization form utilized complied with the statutory requirements, satisfied the legislative purpose, and triggered the tolling of the limitations period."). Unlike the plaintiff in *Mock*, Myles completely failed to identify his treating physicians for the previous five years and also the physicians to whom the authorization did not apply. Thus, Myles's reliance on *Mock* is misplaced.

---

[1] In *Rabatin v. Kidd*, a case that was decided before *Carreras*, the court held that an improperly filled-out form was sufficient because the physician was able to obtain the records and investigate the claim, despite the omissions. 281 S.W.3d 558, 562 (Tex. App.—El Paso 2008, no pet.); *see Cantu v. Mission Reg'l Med. Ctr.*, No. 13-12-00568-CV, 2014 WL 1879292, at *4 (Tex. App.—Corpus Christi May 8, 2014, no pet.) (mem. op.) (noting that "*Rabatin* was decided before the Texas Supreme Court clarified in *Carreras* the requirements that a plaintiff must meet in order for limitations to be tolled in a health-care liability claim"); *see also Carreras*, 339 S.W.3d at 74 (holding that a plaintiff must provide both the notice and medical authorization form to toll the statute of limitations). In contrast, Myles's form did not enable the Hospital to obtain such information and properly evaluate his claim.

Accordingly, the trial court properly granted summary judgment in favor of the Hospital because the limitations period expired before Myles filed his lawsuit and the medical authorization form was not sufficient to toll this period. We overrule Myles's sole issue.

## CONCLUSION

We overrule appellant's issue and affirm the trial court's grant of summary judgment.


/s/      Ken Wise
           Justice


Panel consists of Justices Christopher, Brown, and Wise.