

IN THE
TENTH COURT OF APPEALS

_____

No. 10-14-00374-CV

COLLEGE STATION MEDICAL CENTER, LLC
D/B/A COLLEGE STATION MEDICAL CENTER,
                                                                    **Appellants**
 v.

ELEANOR KILASPA AND WILLIAM KILASPA,
                                                                    **Appellees**

_____

**From the 85th District Court
Brazos County, Texas
Trial Court No. 13-002982-CV-85**

## OPINION

On November 29, 2013, Eleanor and William Kilaspa filed a healthcare liability suit against College Station Medical Center, LLC d/b/a College Station Medical Center (CSMC), Brazos Spine, and Mukund Gundanna, M.D. CSMC, as well as Brazos Spine and Dr. Gundanna jointly, filed traditional motions for summary judgment, contending that the Kilaspas' claims are barred by the statute of limitations. They argued that the Kilaspas' suit was filed untimely because it stems from care Mrs. Kilaspa received

between September 19, 2011 and October 25, 2011, making October 25, 2013 the latest possible date for the Kilaspas to have timely filed their suit. CSMC, Brazos Spine, and Dr. Gundanna maintained that the Kilaspas did not timely provide either CSMC or Dr. Gundanna with notice or a medical authorization as required to toll limitations beyond October 25, 2013. The Kilaspas responded that they sent their notice with authorization by certified mail to Dr. Gundanna, thereby tolling the statute of limitations until December 3, 2013. The Kilaspas argued that notice is effective even when unclaimed or undelivered.

On July 9, 2014, the trial court generally denied the "Defendants' Motions for Summary Judgment." Subsequently, on July 30, 2014, the trial court signed an order finding "that its July 9, 2014 order, denying [CSMC's] Motion for Summary Judgment involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "that an immediate appeal of this order denying [CSMC's] Motion for Summary Judgment may materially advance the ultimate termination of this litigation." The trial court therefore vacated its July 9, 2014 order denying CSMC's motion for summary judgment and then again denied CSMC's motion for summary judgment without explanation but stated that CSMC was "permitted to seek an immediate interlocutory appeal of this Order pursuant to Tex. Civ. Prac. & Rem. Code § 51.014(d)."

CSMC filed a Petition for Permissive Interlocutory Appeal in this Court, seeking leave to appeal the trial court's July 30, 2014 interlocutory order; however, we denied CSMC's petition and dismissed the appeal for want of jurisdiction. *College Station Med.*

*Ctr., LLC v. Kilaspa*, No. 10-14-00241-CV, 2014 WL 4792649 (Tex. App.—Waco Sept. 18, 2014, no pet.) (mem. op.).

CSMC filed in the trial court a motion for entry of an amended order denying its motion for summary judgment sufficient to cure the jurisdictional defect. On November 21, 2014, the trial court signed an amended order that states as follows:

> The Court finds that TEX. CIV. PRAC. & REM. CODE § 74.051 does not require actual receipt by a physician or health care provider of a Chapter 74 notice letter and medical authorization for Plaintiffs to be entitled to the 75-day tolling of the statute of limitations provided in § 74.051. Accordingly, the Court denies Defendant's motion for summary judgment on the grounds that Plaintiffs' mailing of a Chapter 74 notice letter and medical authorization, prior to the expiration of the two year statute of limitations, is sufficient to trigger operation of the 75-day limitation tolling provision in § 74.051, even though no physician or healthcare provider – specifically Dr. Gundanna – ever actually received such notice and authorization.
>
> The Court further finds that whether a physician or healthcare provider must actually receive a Chapter 74 notice letter and medical authorization for a plaintiff to be entitled to the 75-day limitation tolling provision of § 74.051---as presented to this Court in Defendant's motion for summary judgment---involves a controlling question of law as to which there is a substantial ground for difference of opinion. The Court further finds that an immediate appeal of this Order denying Defendant's Motion for Summary Judgment may materially advance the ultimate termination of this litigation, because if the controlling question of law is determined on appeal in favor of College Station Medical Center it will bar Plaintiffs lawsuit pursuant to the affirmative defense of the statute of limitations. It is therefore,
>
> ORDERED, ADJUDGED, and DECREED that the Court's July 30, 2014 Order denying Defendant College Station Medical Center, LLC's Motion for Summary Judgment is hereby VACATED. It is further,
>
> ORDERED, ADJUDGED, and DECREED that College Station Medical Center, LLC's Motion for Summary Judgment is hereby DENIED. It is further,

ORDERED, ADJUDGED, and DECREED that Defendant College Station Medical Center, LLC is permitted to seek an immediate interlocutory appeal of this Order pursuant to TEX. CIV. PRAC. & REM. CODE § 51.014(d).

CSMC then filed another Petition for Permissive Interlocutory Appeal in this Court, requesting that we review the trial court's denial of its motion for summary judgment as set forth in the November 21, 2014 amended order. We granted CSMC's petition. In its sole issue, CSMC contends that the trial court erred in denying its motion for summary judgment because the Kilaspas filed suit after limitations expired. CSMC argues that the seventy-five-day limitations tolling provision in Civil Practice and Remedies Code section 74.051 does not apply in this case because no defendant received a notice letter and medical authorization.

We review *de novo* a trial court's grant or denial of a traditional motion for summary judgment. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005). In reviewing a traditional summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). The movant carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). The nonmovant has no burden to respond to a summary-judgment motion unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst.*, 28 S.W.3d at 23. Once the movant produces sufficient evidence conclusively establishing its right

to summary judgment, however, the burden shifts to the nonmovant to present evidence sufficient to raise a fact issue. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). In reviewing a traditional summary judgment, we must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 756.

CSMC moved for traditional summary judgment on its defense of limitations; therefore, it had the burden to establish that it was entitled to the defense of limitations as a matter of law. *See Holstein v. Fed. Debt Mgmt., Inc.*, 902 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1995, no writ). A healthcare-liability claim has a two-year limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011). When the plaintiff gives proper notice of his or her claim to a health care provider before the expiration of the two-year limitation period, the statute of limitations is tolled for seventy-five days from the date of the notice. *Id.* § 74.051(c) (West 2011).

The Kilaspas did not dispute that CSMC met its burden of establishing as a matter of law that the initial two-year limitations period had expired before they filed their suit.[1] Instead, the Kilaspas asserted that the tolling provision applied. Therefore, CSMC must

---

[1] CSMC contended that the latest possible accrual date for the Kilaspas' claims against it was October 25, 2011. To support this proposition, CSMC presented in its summary-judgment evidence an Operative Report for Mrs. Kilaspa, prepared by Dr. Gundanna, to show that she was admitted to CSMC's facility on September 19, 2011 and underwent surgery by Dr. Gundanna. CSMC also presented as summary-judgment evidence a Discharge Summary for Mrs. Kilaspa, dictated by Dr. Gundanna. It shows that after her initial surgery, she was discharged to a rehabilitation service but then readmitted to CSMC; after Mrs. Kilaspa underwent additional surgeries by Dr. Gundanna, she was again discharged on October 25, 2011. Based on this evidence, the two-year limitations period would have expired, absent application of the tolling provision, on October 25, 2013 at the latest, which was over a month before the Kilaspas actually filed their suit on November 29, 2013.

have also conclusively negated the tolling provision's application to show its entitlement to summary judgment. *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996) ("If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment.").

CSMC claimed that limitations was not tolled because the Kilaspas did not timely "provide" notice or a medical authorization to it or to Dr. Gundanna as required by section 74.051. CSMC contended that notice and authorization were not "provided" because neither it nor Dr. Gundanna actually received the notice and authorization.[2]

CSMC relies heavily on *Carreras v. Marroquin*, 339 S.W.3d 68 (Tex. 2011), to support its argument that section 74.051 requires actual receipt of the notice and authorization by the intended recipient for a plaintiff to be entitled to the benefit of tolling limitations. In *Carreras*, the plaintiffs attempted to toll the statute of limitations by sending pre-suit

---

[2] To support this proposition, CSMC presented the Kilaspas' notice-of-claim letter required by section 74.051, accompanied by the authorization required by section 74.052. The notice of claim letter is dated September 17, 2013 and addressed to Dr. Gundanna. It states that it was sent by certified mail, return receipt requested, with tracking number 7011 1570 0002 7152 4805. CSMC then presented the United States Postal Service (USPS) product and tracking information for an item with the tracking number 70111570000271524805. The document provides that the item was processed through a USPS Sort Facility on September 19, 2013. On September 20, 2013 at 10:25 a.m., the item was "Out for Delivery," and at 1:28 p.m. that day, a notice was left. On October 11, 2013, the status of the item was "Unclaimed," and on October 21, 2013, the status was "Undeliverable as Addressed." CSMC also presented an email dated December 12, 2013 from the Kilaspas' counsel to Pat Murray with the Texas Medical Liability Trust (TMLT). TMLT is apparently Dr. Gundanna's insurance carrier. The email subject line provides that the email is about the "Kilaspa case." The substance of the email states: "Here are pertinent documents in the case. These include the notice letter. I ask that you contact your insured and advise me of counsel to serve with the papers."

CSMC's summary-judgment evidence shows *only* that Dr. Gundanna never actually received the notice and authorization; however, we need not discuss the implication of any lack of evidence. The trial court did not deny CSMC's motion for summary judgment for that reason. Instead, the trial court specifically stated in its amended order that it was denying CSMC's motion for summary judgment because it concluded that the Kilaspas' mailing of the notice letter and medical authorization before the expiration of the two-year limitations period was sufficient to trigger operation of the tolling provision even though Dr. Gundanna never actually received the notice and authorization.

notice of their health care liability claims to the defendant physician shortly before the statute of limitations ran, but failed to accompany it with an authorization form as required by chapter 74. *Id.* at 69-70. After the plaintiffs filed suit, the defendant physician moved for summary judgment, arguing that the notice alone did not toll the statute of limitations and that the suit was therefore untimely. *Id.* The trial court denied the defendant physician's motion for summary judgment and entered an agreed order permitting an interlocutory appeal. *Id.* The court of appeals affirmed the trial court's judgment. *Id.* at 69-71. The supreme court, however, disagreed, reversed the trial court's judgment, and rendered judgment that the plaintiffs take nothing. *Id.* at 74. The supreme court stated that after considering the text, history, and purpose of the statutes at issue, it concluded that for the statute of limitations to be tolled in a health care liability claim under chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form. *Id.*

CSMC argues that, as in *Carreras*, no defendant in this case received the statutorily required medical authorization. CSMC maintains that in this case the notice letter was never received either. CSMC argues that, like the *Carreras* court, which held that the defendant's receipt of only the notice letter without a medical authorization did not entitle the plaintiff to the benefit of tolling limitations, we should therefore hold that a plaintiff is not entitled to the benefits of tolling limitations when a defendant does not receive both a notice letter and medical authorization. We disagree, however, with CSMC's interpretation of *Carreras*.

The *Carreras* court first examined the text of the statute. *Id.* at 71-72. The court

observed that section 74.051(c) states, "Notice *given as provided in this chapter* shall toll the applicable statute of limitations …." *Id.* at 72; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c) (emphasis added). The court thus looked to sections 74.051(a) and 74.052(a) and noted that they specify that the notice "must be accompanied by" an authorization form and that section 74.052(a) provides for abatement if an authorization form is not provided "along with" notice. *Carreras*, 339 S.W.3d at 72; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051(a), 74.052(a). The *Carreras* court stated that "must accompany" is a directive that creates a mandatory condition precedent and that the benefit of the notice—tolling—may not therefore be utilized if the authorization does not accompany the notice. *Carreras*, 339 S.W.3d at 72. The *Carreras* court also went on to conclude that the statutory history bolstered this interpretation of the statutes and that the interpretation followed from the purpose of the notice provision, which is to encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs. *Id.* at 72-73.

As in *Carreras*, we must therefore first determine what the text of the statutes requires as relevant to this case for notice to be "given as provided in this chapter." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c). Section 74.051(a) requires that written notice of a health care liability claim be given "by certified mail, return receipt requested." *Id.* § 74.051(a). The statutes do not state that a plaintiff must also ensure that a defendant receives the notice and authorization form that the plaintiff gives by certified mail, return receipt requested. Instead, the courts in this state have held that where a statute authorizes notice by mail, the notice is effective when the notice is properly provided in accordance with the statute—even if unclaimed or undelivered. *See Wesco Distrib., Inc. v.*

*Westport Group, Inc.*, 150 S.W.3d 553, 561 (Tex. App.—Austin 2004, no pet.) ("When a sender has done everything necessary for notice to arrive, notice is considered effective as to the intended recipient."); *McClung v. Komorn*, 629 S.W.2d 813, 814-15 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (holding that notice required by Medical Liability and Insurance Improvement Act, so as to toll statute of limitations, was effective when mailed by certified mail, return receipt requested, even though the notice was not received until four days after imitations expired); *Tex. Real Estate Comm'n v. Howard*, 538 S.W.2d 429, 431-33 (Tex. App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.) (holding that where statute provided for notice by registered mail, notice was effective when properly stamped, addressed, and mailed—even though returned "unclaimed").[3]

CSMC argues that permitting tolling without actual receipt of notice and the authorization form would defeat the legislative purpose of section 74.051 to enable pre-suit settlement and identification of non-meritorious claims, which CSMC claims would be "an absurd result." *See Carreras*, 339 S.W.3d at 73 ("We also interpret statutes to avoid an absurd result."); *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010) (stating that purpose of requiring pre-suit notice of health care liability claims is to encourage pre-suit negotiations and settlement and thereby reduce litigation costs). We believe, however, that the statute does not require a plaintiff to ensure (1) that the notice and authorization form that he properly gave by certified mail, return receipt requested, as required by the statute, is correctly delivered and then (2) that the defendant actually claims the mail once

---

[3] CSMC devotes a significant portion of its reply brief attempting to distinguish these cases, and while we agree that they do not address the exact same facts and issue that we address in this case, they are instructive and support our conclusion.

it has been delivered for the tolling provision to apply. For these reasons, we conclude that for the tolling provision of section 74.051(c) to apply, a plaintiff need only give written notice, accompanied by the authorization form, in accordance with section 74.051, *i.e.*, by certified mail, return receipt requested.

Here, CSMC's summary-judgment evidence indicates that the Kilaspas did give both the statutorily required notice and the statutorily required authorization form to Dr. Gundanna when the Kilaspas sent the notice and authorization form to him by certified mail, return receipt requested, as provided by section 74.051(a), within the two-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a). The tolling provision's application has not therefore been conclusively negated, and CSMC was not entitled to summary judgment. We thus overrule CSMC's sole issue and affirm the trial court's amended order.

The Kilaspas' emergency motion to supplement the clerk's record is dismissed as moot.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray dissenting)
Affirmed; motion dismissed as moot
Opinion delivered and filed July 23, 2015
[CV06]

