**Affirmed and Memorandum Opinion filed March 6, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00332-CV

---

## MYRA WALTHOUR, Appellant

### V.

## ADVANCED DERMATOLOGY AND DR. ADRIANNA JACKSON,
**Appellees**

---

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 88343-CV**

---

## M E M O R A N D U M   O P I N I O N

Myra Walthour sued Advanced Dermatology and Dr. Adrianna Jackson for injuries she sustained after a chemical peel. The trial court granted summary judgment in favor of Advanced Dermatology and Jackson, ruling that Walthour's claim was barred by the applicable two-year statute of limitations and that her pre-suit notice and authorization form were ineffective to toll the limitations period. We affirm.

**BACKGROUND**

Walthour asserts a health care liability claim and contends that she received "second degree burns to her back and shoulders" from a chemical peel administered by Advanced Dermatology and Jackson.

Before filing suit, Walthour mailed the statutorily required notice and authorization form to Advanced Dermatology and Jackson on July 5 and 8, 2017. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051(a) (Vernon 2017), 74.052 (Vernon Supp. 2017). Two notices were mailed on July 5, 2017, one addressed to Advanced Dermatology and the other addressed to Jackson. An additional notice addressed to Advanced Dermatology was mailed on July 8, 2017. All three mailings contained the same notice letter, authorization form, and list of doctors, and were attached as exhibits to the summary judgment motion.

Walthour's notice letter states:

> As a direct result of the treatment [Walthour] received on July 9, 2014 she suffered severe pain and burns. She returned to your facility on July 10, 2014 to complain of severe pain and burning. She was told that no one was available to see her. She required emergency treatment on July 11, 2014 for second degree burns.

Walthour's authorization form included a list of 13 medical providers identified as "Myra Walthour Medical providers in the past 5 years." The list of medical providers did not include Advanced Dermatology and Jackson; the emergency treatment provider referenced in Walthour's notice letter; or any other medical provider who treated Walthour after the incident made the basis of her suit.

The envelopes in which Walthour's notices and authorization forms were mailed were included as summary judgment exhibits. All three envelopes state that the mailings were unclaimed and returned to the sender.

Walthour sued Advanced Dermatology and Jackson on September 12, 2016. Walthour's original petition states:

> At all times material hereto, Myra Walthour was a patient under the care of Defendants, Advanced Dermatology and Dr. Adrianna Jackson, having sought Defendants' professional expertise, judgment, skill, competence, advice and treatment for skin treatment. The care or treatment consisted of applying chemical peels, and began on or about February 2014 and continued until July 2014. During the course of said treatment, Myra Walthour suffered the following injuries: second degree burns to her back and shoulders, attributable to: the chemical peel administered by Defendants.

Advanced Dermatology and Jackson filed a joint traditional summary judgment motion, asserting that Walthour's health care liability claim was barred by the applicable two-year statute of limitations. *See* Tex. R. Civ. P. 166(a); Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (Vernon 2017). The trial court granted the summary judgment motion in an order signed April 3, 2017. Walthour timely appealed.

## LEGAL STANDARD

A summary judgment is reviewed *de novo*. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017). When reviewing a summary judgment, we examine the record in the light most favorable to the nonmoving party, indulging every reasonable inference and resolving any doubts in the nonmoving party's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

The party moving for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Exxon Mobil Corp.*, 520 S.W.3d at 579. When a defendant moves for summary judgment on an affirmative defense, it must conclusively prove all the essential elements of its defense as a

3

matter of law. *Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

ANALYSIS

Walthour asserts that (1) the trial court erred by granting summary judgment on limitations because Walthour's pre-suit notice and authorization form were sufficient to toll the statute of limitations applicable to her health care liability claim; (2) the failure to claim or receive Walthour's mailings rendered any deficiencies in the notice letter and authorization form immaterial; and (3) Advanced Dermatology and Jackson failed to present evidence showing when Walthour's claim accrued as necessary to warrant summary judgment on limitations.

We address each of these contentions in turn.

## I. Statute of Limitations

Walthour does not dispute that she filed suit against Advanced Dermatology and Jackson more than two years after her cause of action accrued. Walthour asserts that the notice and authorization form she sent "substantially complied with the statutory requirements and is sufficient to toll the statute of limitations."

Health care liability claims are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a). The limitations period commences from (1) the occurrence of the breach or tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. *Myles v. St. Luke's Episcopal Hosp.*, 468 S.W.3d 207, 208 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

The two-year limitations period is tolled for 75 days if the plaintiff mails to the defendant written notice of the plaintiff's health care liability claim accompanied by an authorization form for the release of protected health information. Tex. Civ.

4

Prac. & Rem. Code Ann. § 74.051(a), (c); *see also Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) ("[F]or the statute of limitations to be tolled in a health care liability claim . . . a plaintiff must provide both the statutorily required notice and the statutorily required authorization form."). The notice and authorization form must be sent at least 60 days before filing suit. Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a).

Section 74.052 states that "[t]he medical authorization required by this section shall be in the following form," and it sets out the precise text of the form with blanks to be filled in with information specific to the plaintiff's suit. *See id*. § 74.052. Section 74.052 instructs the plaintiff to provide the names and current addresses for the following categories of health care providers:

1.  The physicians or health care providers who examined, evaluated, or treated the plaintiff in connection with the injuries alleged to have been sustained in connection with the plaintiff's health care liability claim.

2.  The physicians or health care providers who examined, evaluated, or treated the plaintiff during a period commencing five years prior to the incident made the basis of the plaintiff's health care liability claim.

3.  The physicians or health care providers possessing healthcare information concerning the plaintiff to whom the plaintiff's authorization does not apply because such healthcare information is not relevant to the damages being claimed or to the plaintiff's physical, mental, or emotional condition arising out of the health care liability claim. If the plaintiff does not want to exclude any health care providers from the authorization form, the statute instructs the plaintiff to list "none."

*Id*. The notice and authorization form are intended to "encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs." *Marroquin*, 339 S.W.3d at 73.

A medical authorization form that does not contain section 74.052's required information does not toll the statute of limitations when the missing information

5

"interferes with the statutory design to enhance the opportunity for pre-suit investigation, negotiation, and settlement." *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

This court has concluded that the plaintiff's authorization form did not toll the applicable statute of limitations when the form failed to identify (1) the plaintiff's treating physicians for the five years before the incident forming the basis of the plaintiff's suit; and (2) the physicians excluded from the authorization. *Myles*, 468 S.W.3d at 210-11; *see also Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 3152111, at *5-6 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.) (plaintiff's authorization form did not toll statute of limitations when form did not (1) list plaintiff's treating physicians for the past five years; and (2) include completed authorization as necessary to secure the release of plaintiff's health information).

Similarly, an authorization form that provided only a portion of the requested health care information did not toll the statute of limitations. *See Davenport v. Adu-Lartey*, 526 S.W.3d 544, 554 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (authorization form that "omitted physicians who treated [the plaintiff] in the five-year period preceding the 2012 surgery, numerous persons and entities involved in the 2012 surgery at the heart of this case, and a majority of the providers who treated [the plaintiff] after the 2012 surgery" did not toll limitations period); *Johnson v. PHCC-Westwood Rehab. & Health Care Ctr., LLC*, 501 S.W.3d 245, 251-52 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (authorization form that excluded five treating physicians and two other health care providers that treated the plaintiff for injuries forming the basis of her claim did not toll limitations period).

Here, Walthour's authorization form included a list of 13 medical providers identified as "Myra Walthour Medical providers in the past 5 years." Walthour's

authorization form did not segregate the medical providers into the three categories prescribed by section 74.052. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.052. Walthour's authorization form failed to list Advanced Dermatology and Jackson; the provider of emergency treatment referenced in Walthour's notice letter; or any other medical provider who treated Walthour after the incident made the basis of this suit.

These deficiencies in Walthour's authorization form materially interfered with the purposes chapter 74 is intended to accomplish. *See Marroquin*, 339 S.W.3d at 73 (chapter 74 notice and authorization form intended to "encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs"). Walthour's authorization form omitted information available only to Walthour, namely, the health care providers that rendered emergency treatment for the injuries forming the basis of her suit. This information was directly relevant to Advanced Dermatology's and Jackson's pre-suit investigation and their assessment of Walthour's claim. *See Davenport*, 526 S.W.3d at 554 (authorization form that omitted treating physicians "did no more to aid a pre-suit investigation than if it had not disclosed any physicians"); *Johnson*, 501 S.W.3d at 251-52 (plaintiff's failure to timely identify certain providers "thwarted [the defendants'] ability to retrieve a material number of . . . relevant medical provider's records" and "interfered with the pre-suit evaluation encouraged by the statute"). Omitting this information hampered Advanced Dermatology's and Jackson's ability to negotiate and settle Walthour's claim. *See Davenport*, 526 S.W.3d at 554; *Johnson*, 501 S.W.3d at 251-52.

Walthour also impeded Advanced Dermatology's and Jackson's pre-suit investigation ability by failing to (1) segregate her treating physicians into the categories prescribed by section 74.052; and (2) designate excluded physicians. Without this information, Advanced Dermatology and Jackson were unable to tailor their investigation to only those providers relevant to Walthour's claim, prolonging

the time and expense necessary to evaluate Walthour's suit. These failures frustrated the purposes chapter 74 notice is intended to accomplish. *See Marroquin*, 339 S.W.3d at 73 (chapter 74 notice is intended to "reduc[e] litigation costs" and "provide a method for quick, efficient settlement of claims"). Walthour's notice and authorization form therefore failed to toll the limitations period applicable to her claim.

Walthour contends that the 75-day tolling period nonetheless applies to her suit because her authorization form substantially complied with section 74.052's requirements. Walthour relies on *Mock v. Presbyterian Hospital of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied).

The plaintiffs in *Mock* sent notice of their claim to the defendants and provided the required authorization form, but incorrectly completed one of the authorization form's blanks. 379 S.W.3d at 394. The plaintiffs correctly completed the blank in four similar fields. *Id.* at 395 n.2. The Dallas Court of Appeals held that the authorization form was effective to trigger the tolling provision despite the plaintiffs' error. *Id.* at 395.

The deficiencies in Walthour's authorization form are more significant than those at issue in *Mock*. Whereas the *Mock* plaintiffs incorrectly completed a single blank, Walthour's authorization form failed to (1) segregate her treating physicians into the categories prescribed by section 74.052; (2) designate excluded physicians; and (3) include providers that rendered emergency treatment for the injuries forming the basis of her suit. Walthour misplaced her reliance on *Mock*.

We conclude that Walthour's authorization form failed to advance chapter 74's legislative purposes and did not toll the limitations period applicable to her health care liability claim.

8

## II. Failure to Claim Notice Letters

Walthour asserts that "it is merely academic whether the notice letter complied with the statute, substantially complied or did not comply because Appellees' failure or refusal to claim the mail on different occasions renders such inquiry as moot." Walthour does not cite any cases supporting her argument.

The applicable statute and case law interpreting it suggest that the deficiencies in Walthour's authorization form are not rendered moot by the failure to receive or collect her mailings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051(c); *College Station Med. Ctr., LLC v. Kilaspa*, 494 S.W.3d 307, 312 (Tex. App.—Waco 2015, pet. denied).

Section 74.051(c) provides that "[n]otice ***given*** as provided in this chapter shall toll the applicable statute of limitations" and that tolling commences "following the ***giving*** of the notice." Tex. Civ. Prac. & Rem. Code Ann. § 74.051(c) (emphasis added). This statute conditions tolling on the plaintiff's actions; it does not require the plaintiff to ensure the defendant's receipt of the notice to render it effective. *See id*.

The interpretation of section 74.051(c) in *Kilaspa*, 494 S.W.3d 307, also emphasizes the plaintiff's actions. The defendant in *Kilaspa* asserted that the plaintiff's chapter 74 notice was ineffective to toll limitations because the defendant had not received the notice letter. *Id*. at 309. The court rejected the defendant's argument and held that the statute did not require the plaintiff to ensure that "the defendant actually claims the mail once it has been delivered." *Id*. at 312.

Section 74.051(c) and *Kilaspa* condition tolling on actions taken by the plaintiff, namely, ***providing*** notice in compliance with chapter 74. Walthour does

9

not cite any cases that would support shifting the tolling analysis to Advanced Dermatology's and Jackson's receipt of her notice and authorization form. Because of its deficiencies, Walthour's authorization form failed to toll the limitations period applicable to her claim.

### III. Summary Judgment Evidence

Walthour contends that Advanced Dermatology and Jackson "did not meet the burden of proof required for granting the summary judgment" because there was no evidence to "establish the date [her] cause of action accrued." Walthour did not cite any authority supporting her evidentiary challenge.

The two-year limitations period for a health care liability claim commences from (1) the occurrence of the breach or tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. *Myles*, 468 S.W.3d at 208.

Assertions of fact in the live pleadings of a party are regarded as formal judicial admissions. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983); *Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc.*, 748 S.W.2d 541, 542 (Tex. App.—Houston [1st Dist.] 1988, writ denied). "Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence." *Musick*, 650 S.W.2d at 767.

Here, Walthour's original petition states that she seeks redress for injuries occurring during treatment that "began on or about February 2014 and continued until July 2014." This admission establishes that Walthour's claim accrued July 31, 2014, at the latest. *See Musick*, 650 S.W.2d at 767; *Beta Supply, Inc.*, 748 S.W.2d at 542.

Because Walthour's notice and authorization form did not toll the two-year

statute of limitations applicable to her claim, Walthour had until July 31, 2016, at the latest to timely file suit against Advanced Dermatology and Jackson. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a); *Myles*, 468 S.W.3d at 208. Walthour's suit, filed September 12, 2016, was outside of the limitations period.

## CONCLUSION

We conclude that (1) Walthour's pre-suit notice and authorization form did not toll the two-year limitations period applicable to her health care liability claim; (2) the failure to receive or claim Walthour's mailings did not render the deficiencies in her authorization form immaterial; and (3) Advanced Dermatology and Jackson satisfied their summary judgment burden. We affirm the trial court's April 3, 2017 final judgment.


/s/    William J. Boyce
      Justice


Panel consists of Justices Boyce, Donovan, and Wise.

11