**DENY and Opinion Filed December 14, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-01088-CV

**HARMEET SINGH, Appellant**
**V.**
**RATEGAIN TRAVEL TECHNOLOGIES, LIMITED AND RATEGAIN TECHNOLOGIES, INC., Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-06923**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Goldstein
Opinion by Chief Justice Burns

Harmeet Singh has filed a petition for permission to appeal the trial court's

October 24, 2023 order granting RateGain Travel Technologies Limited (RateGain) and

RateGain Technologies, Inc.'s (RIT) motion to enforce arbitration. In that order, the

trial court ordered that all of Singh's claims related to stock options, whether for breach

of contract, statutory fraud, or based on any other legal or equitable theory, be compelled

to arbitration in New Delhi, India pursuant to RateGain's stock option scheme. Because

the issue in this case is not one in which there is substantial disagreement regarding the

law and because the issue would not materially advance the ultimate resolution of the case, we deny the petition for permission to appeal.

## Background

Singh is the former CEO of RateGain, a corporation incorporated and officed in India[1]  After resigning as CEO, Singh sued RateGain and RIT, RateGain's U.S. subsidiary, to collect unpaid compensation and benefits he claims are owed to him under his employment agreement and for breach of contract for failing to provide him the benefit of certain stock options owed to him.  Singh filed suit in Dallas County pursuant to a venue provision in the employment agreement.

RateGain and RIT moved to compel arbitration of Singh's stock options breach of contract claim asserting the stock options were issued to Singh pursuant to grant letters that expressly incorporated the terms of RateGain's Stock Options Scheme.  That scheme contains a provision requiring disputes related to the scheme to be arbitrated in India.

The trial court granted RateGain and RIT's original motion to compel by order dated January 9, 2023.  Thereafter, Singh amended his petition.  In his amended petition, Singh continued to assert his breach of contract claim for the stock options, but he added a statutory fraud claim related to the same stock options.  Pursuant to that claim, Singh

---

[1] The facts are taken from the petition for permissive appeal, documents in support of the petition, RateGain and RIT's response to Singh's petition, and Singh's reply.  We do not have a clerk's record.

sought the same measure of damages for the stock options as he did for his breach of contract claims. RateGain and RIT renewed their motion to compel arbitration, seeking an order from the trial court making it clear that any claims related to stock options in the Indian company must be arbitrated in India. After a hearing, the trial court signed such an order. This petition for a permissive appeal followed.

**Applicable Law**

Generally, appeals may be taken only from final judgments or interlocutory orders for which appeal is authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.). Under certain circumstances, a trial court may allow an appeal from an order that is otherwise not appealable. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). When the trial court permits an appeal from an interlocutory order, the party seeking to appeal must file a petition in the court of appeals seeking permission to appeal. *See* TEX. R. APP. P. 28.3(a). We strictly construe such requests because statutes allowing for interlocutory appeals are an exception to the general rule that only final judgments are appealable. *See Gulf Coast Asphalt Co. v. Lloyd,* 457 S.W.3d 539, 545 (Tex. App—Houston [14th Dist.] 2015, no pet.); *Rogers v. Orr*, 408 S.W.3d 640, 642 (Tex. App—Fort Worth 2013, pet. denied).

Section 51.014(d) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of an otherwise unappealable order, only if several predicates are met. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d). To qualify, the trial court must

–3–

first certify the order is immediately appealable and expressly identify a controlling question of law on which there is substantial ground for disagreement. *Id*.; *see also* TEX. R. CIV. P. 168 (requirement that trial court's order identifies a "controlling question of law on which there is a substantial ground for difference of opinion[.]"). The trial court's order must also explain why an immediate appeal may materially advance the ultimate resolution of the case. TEX. CIV. PRAC. & REM. CODE § 51.014(d). Finally, this Court must then agree to hear the appeal. *Id.* at § 51.014(f).

Our procedural rules make it clear we have the discretion to accept or deny a permissive interlocutory appeal. *Sabre Travel*, 567 S.W.3d at 732. We exercise that discretion, however, with an eye toward sparing parties "the inevitable inefficiencies of the final judgment rule" when we can quickly and efficiently resolve "controlling, uncertain issues of law that are important to the outcome of the litigation." *Id*. But to that end, the controlling issue needs to be solely a question of law unconstrained by procedural or factual issues. *See El Paso Tool and Dies Co. v. Mendez*, 593 S.W.39 800, 805 (Tex. App—El Paso 2019, no pet.); *College Station Med. Ctr., LLC v. Kilaspa*, 494 S.W.3d 307, 313 (Tex. App—Waco 2015, pet. denied) ("In a permissive interlocutory appeal, the issue should be framed solely as a question of law that needs to be resolved that disposes of the case."); *Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App—Houston [14th Dist.] 2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute. Instead,

permissive appeals should be reserved for determination of controlling legal issues necessary to the resolution of the case.").

Case law is not well developed concerning what constitutes a controlling question of law or when there are substantial grounds for disagreement. But if the resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the question is controlling. *Gulf Coast Asphalt,* 457 S.W.3d at 545 (quoting Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 St. Mary's L.J. 729, 747–49 (1998)). And, generally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling. *Id*. Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling law is doubtful, when controlling law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely. *Id*. Generally, a district court will make a finding that an appeal will facilitate final resolution of the case when resolution of the legal question dramatically affects recovery in a lawsuit. *Id*.

Conversely, when other issues are left pending in the litigation, ultimate termination of the litigation is not advanced by allowing immediate appeal of an otherwise interlocutory order. *Id*. (citing *Harden Healthcare, LLC v. OLP Wyoming Springs, LLC*, No. 03-20-00275-CV, 2020 WL 6811994, at *1 (Tex. App.—Austin Nov. 20, 2020, no pet.) (mem. op.); *see ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, No. 05-15-00646-CV, 2015 WL 4554519, at * 3 (Tex. App.—Dallas July 29, 2015, no

pet.) (mem. op.) (permissive appeal would not materially advance ultimate termination of litigation because, regardless of result on appeal, "neither party would seek judgment without further litigation"). Ultimately, a permissive appeal should "provide a means for expedited appellate disposition of focused and potentially dispositive legal questions." *Armour Pipe Line Co. v. Sandel Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at *4 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (mem. op.). This purpose is not served when a permissive appeal is used to obtain piecemeal appellate review of ordinary interlocutory orders. *See id*.

**Discussion**

Here, the trial court's order compelled Singh to bring all claims related to stock options, whether for breach of contract, statutory fraud, or based on any other legal or equitable theory, in arbitration in New Delhi, India. In the order, the trial court identified the controlling question of law as to which there is a substantial ground for difference of opinion as "whether an arbitration agreement never signed by [Singh] and subject to other objections raised by [Singh] should be enforced." Although Singh thoroughly addresses why he believes the trial court erred in compelling him to arbitration, he does not explain why there is a substantial ground for disagreement about the law regarding this issue. Singh does not explain, and we do not see, how the question presented to this Court is novel or difficult, the controlling law is doubtful, or that there is little authority upon which the district court could rely. *See e.g., In re Polymerica, LLC*, 296 S.W.3d 74, 76 (Tex. 2009) (orig. proceeding) (neither the FAA nor Texas law requires

arbitration clauses be signed, so long as they are written and agreed to by the parties); *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex. 2005) (orig. proceeding) (same). As to the existence of other objections to the arbitration agreement, Singh also fails to explain how there is a substantial ground for disagreement about the law.

Further, we are not convinced an immediate appeal from the complained-of order would materially advance the ultimate termination of this litigation. Appellate review of this order only as to Singh's claims regarding the stock options, even if successful, would leave Singh's remaining breach of contract claims arising under the employment agreement unresolved.[2] In other words, regardless of the outcome of this permissive appeal, neither party would seek judgment without further litigation. Under these circumstances, we conclude allowing a permissive appeal in this case would not materially advance the ultimate termination of this litigation. *See ADT Sec. Servs., Inc.*, 2015 WL 4554519 at * 3.

Given the limited nature of interlocutory appeals and the requirement that we construe statutes authorizing such appeals strictly, we conclude Singh has not satisfied the requirements of section 51.014(d) of the civil practices and remedies code.

---

[2] Our record does not contain a copy of Singh's amended petition. However, in his petition for permissive appeal, Singh lists his damages as including not only the stock options, but also money due to him pursuant to a bonus letter, payment equal to 4 weeks of paid time off, and payment of back pay.

Accordingly, we deny his petition for permissive appeal.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

231088F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

HARMEET SINGH, Appellant

No. 05-23-01088-CV      V.

RATEGAIN TRAVEL
TECHNOLOGIES, LIMITED AND
RATEGAIN TECHNOLOGIES,
INC., Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-06923.
Opinion delivered by Chief Justice
Burns. Justices Pedersen, III and
Goldstein participating.

In accordance with this Court's opinion of this date, we deny appellant's petition for permissive appeal.

Judgment entered December 14, 2023