Chiquita MITCHELL,
et al., Petitioners,

v.

The METHODIST HOSPITAL,
et al., Respondents.

No. 10–0117.

Supreme Court of Texas.

March 11, 2011.

Omotola Ayodele Oresusi, Babajide Asis 'Jide' Adio–Oduola, Tola & Associates, Houston, for Chiquita Mitchell.

Dwight Willis Scott Jr., Carolyn Beth Capocci Smith, Munsch Hardt Kopf & Harr PC, Stephanie Lynn Laird, McGlinchey Stafford, PLLC, Houston, David Jefrie Mizgala, Munsch Hardt Kopf & Harr, P.C., Dallas, for The Methodist Hospital.

PER CURIAM.

While a patient at The Methodist Hospital, staff placed an IV catheter in Frank Mitchell's left arm. Shortly after being discharged from the hospital, he developed an infection in his left arm and was readmitted with a diagnosis of septic thrombophlebitis, an inflammation of a vein caused by a bacterial infection. During this second hospital stay, Mitchell developed multisystemic organ failure and died.

Mitchell's family filed a health care liability claim against the hospital and several of its employees, alleging that they had caused Mitchell's infection and death by their negligent use of the IV catheter in Mitchell's left arm during his first hospital stay. The Mitchells timely served an expert report, which the hospital challenged as inadequate. See TEX. CIV. PRAC. & REM. CODE § 74.351 (providing the requirements and time-line for serving and challenging the expert report required to support a health care liability claim). The hospital moved to dismiss the Mitchells' claim, arguing that their expert report was "wholly conclusory and based on mere conjecture and assumptions that are contrary to the medical record and fact." The Mitchells responded that their expert report was sufficiently specific to support their claim, but in the event the court disagreed, they asked for additional time to cure any deficiency. See id. § 74.341(c).

Following a hearing, the trial court granted the hospital's motion to dismiss without expressly ruling on the Mitchells' request for additional time. The court of appeals affirmed the trial court's judgment in a memorandum opinion, concluding that the trial court had not abused its discretion in failing to grant an extension to cure under section 74.351(c) "given the extreme deficiencies" in the expert report. 2009 Tex.App. Lexis 9916, *21, 2009 WL 5174186, *8 (Tex.App.-Houston [1st Dist.] Dec. 31, 2009) (mem.op.).

While this case has been pending on appeal, we have decided Samlowski v. Wooten, 332 S.W.3d 404 (Tex.2011), explaining this Court's views on requests to cure deficient expert reports under section 74.351(c). In light of Samlowski, we grant the Mitchells' petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings. TEX.R.APP. P. 59.1.