**Opinion issued July 26, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-01099-CV

_____

**CHIQUITA MITCHELL, VERAZONA MITCHELL, DOMINIQUE MITCHELL, AARON MITCHELL, SAMUEL MITCHELL, FRANK MITCHELL, III, CARL MITCHELL, MARIE OPHELIA MITCHELL, THEODORE MITCHELL, AND JOHNATHON MITCHELL, Appellants**

**V.**

**THE METHODIST HOSPITAL, DENISE M. STUCKEY, BERNICE C. ONYENEZI, MELISSA ABBOT, ROSIE YOUNG, GORDON K. WALTERS, RICHARD A. KLEINROCK, LINI THOMAS, SERVANDA INTING, BABYANN C. BEKEE, ROLANDO R. RIVAS, AND VERONICA J. MONTES, Appellees**

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-05231**

## OPINION

Chiquita Mitchell, Verazona Mitchell, Dominique Mitchell, Aaron Mitchell, Samuel Mitchell, Frank Mitchell, III, Carl Mitchell, Marie Ophelia Mitchell, Theodore Mitchell, and Johnathon Mitchell—the spouse and children of decedent Frank Mitchell—appeal the trial court's grant of summary judgment in favor of The Methodist Hospital, Denise M. Stuckey, Bernice C. Onyenezi, Melissa Abbot, Rosie Young, Gordon K. Walters, Richard A. Kleinrock, Lini Thomas, Servanda Inting, Babyann C. Bekee, Rolando R. Rivas, and Veronica J. Montes (collectively, Methodist) based on the expiration of the statute of limitations for health care liability claims. The Mitchells contend that because they substantially complied with the presuit notice requirement for health care liability claims, limitations was tolled for a period of seventy-five days and the trial court erred by concluding that their claims were time-barred. We affirm.

## Background

Frank Mitchell was admitted to Methodist on November 27, 2005, complaining of chest pain. Mitchell was diagnosed with a myocardial infarction and underwent cardiac catheterization and placement of a cardiac stent. During his three-day stay, hospital staff placed an IV catheter in Mitchell's left arm.

Methodist discharged Mitchell on November 30, 2005. Shortly after his discharge, Mitchell developed a fever and began to suffer pain in his left arm. He

2

went to the emergency room at Methodist, where he was given a prescription for amoxicillin and told to take Motrin for the pain. After his symptoms did not improve, he returned to the emergency room at Methodist. Mitchell was diagnosed with septic thrombophlebitis—an inflammation of a vein caused by a bacterial infection—and readmitted to the hospital on December 2, 2005. During his second hospitalization, Mitchell developed multisystemic organ failure. He died on December 27, 2005. Mitchell's spouse and children prosecuted claims for damages resulting from Mitchell's wrongful death.

Health care liability claims like those asserted by Mitchell's family are governed by special procedures in Chapter 74 of the Civil Practice and Remedies Code, including a presuit-notice requirement. Health care liability claimants must provide written notice of a health care liability claim "by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit[.]" TEX. CIV. PRAC. & REM. CODE § 74.051(a) (West 2011). Proper notice of a health care liability claim tolls the statute of limitations for seventy-five days. *Id.* § 74.051(c). To be proper, "notice must be accompanied by [an] authorization form for release of protected health information as required under Section 74.052." *Id.* § 74.051(a). Chapter 74 prescribes the form and content of the required authorization. *Id.* § 74.052(c).

On November 26, 2007, the Mitchells provided Methodist with notice of their health care liability claims. The medical authorization form attached to the Mitchells' notice was not in the form prescribed by section 74.052; instead, the Mitchells attached an authorization form compliant with the federal Health Insurance Portability and Accountability Act (HIPPA). The Mitchells filed their lawsuit two months later, on January 28, 2008. Their petition alleged that Methodist and certain of its nurses caused Mitchell's infection and death by their negligent use of the IV catheter in Mitchell's left arm during his first hospitalization.

More than three years later, Methodist moved for summary judgment on the ground that the applicable statute of limitations barred the Mitchells' claims because the Mitchells failed to provide a statutorily compliant authorization form with their presuit notice and therefore failed to invoke the seventy-five-day tolling provision.[1] The Mitchells responded that the limitations period was tolled because

---

[1] Before it moved for summary judgment on limitations, Methodist sought and obtained the dismissal of the Mitchells' lawsuit due to an inadequate expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West. 2011) (providing requirements and time line for serving and challenging expert report required to support health care liability claim). Our court affirmed the trial court's judgment on appeal. *Mitchell v. Methodist Hosp.*, No. 01-08-00898-CV, 2009 WL 5174186, at *10 (Tex. App.—Houston [1st Dist.] 2009) (mem. op.), *rev'd*, 335 S.W.3d 610 (Tex. 2011). The Texas Supreme Court, however, reversed that judgment and remanded the Mitchells' case to the trial court for further proceedings. *Mitchell v. Methodist Hosp.*, 335 S.W.3d 610, 610 (Tex. 2011).

Methodist fraudulently concealed Mitchell's infection and used the authorization form in a meaningful way and without objection for more than three years. The trial court granted Methodist's motion, and the Mitchells appealed.

## Standard of Review

We review summary judgments de novo and according to well-settled standards. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A summary judgment movant must establish its entitlement to judgment as a matter of law. *See Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). When a defendant moves for traditional summary judgment on an affirmative defense, the defendant must conclusively establish each essential element of that affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Alpert v. Gerstner*, 232 S.W.3d 117, 125 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). It is an affirmative defense that a statute of limitations bars a claim. TEX. R. CIV. P. 94. Accordingly, Methodist bore the burden of establishing as a matter of law that the Mitchells' claims were time-barred. *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

## Tolling Limitations for Health Care Liability Claims

Health care liability claims have a two-year limitations period, commencing from (1) the occurrence of the breach or tort, (2) the last date of the relevant course

of treatment, or (3) the last date of the relevant hospitalization. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011) (providing that "no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed"); *see also Shah*, 67 S.W.3d at 841 (construing identical language in predecessor statute). Although the parties dispute when limitations commenced under section 74.251(a), there is no dispute that the Mitchells filed suit more than two years after their causes of action against Methodist accrued.[2] The question that is dispositive of this appeal, then, is whether summary judgment was

---

[2] In its summary judgment motion, Methodist argued that, because all of the negligent acts or omissions alleged by the Mitchells occurred during the first hospitalization, limitations commenced on the last date of that hospitalization (i.e., November 30, 2005). The Mitchells responded that Methodist's fraudulent concealment of the negligent use of the IV catheter and the infection in Mitchell's left arm tolled the commencement of limitations until Mitchell's death on December 27, 2005. The Mitchells, however, did not plead fraudulent concealment as a matter in avoidance of Methodist's limitations defense, and Methodist objected to the Mitchells raising fraudulent concealment in their summary judgment response. Because it is a matter in avoidance of the defense of limitations that was not pleaded, we do not consider the Mitchells' fraudulent concealment argument. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) ("A defendant who has established that suit is barred cannot be expected to anticipate the plaintiff's defenses to that bar. A matter in avoidance of the statute of limitations that is not raised affirmatively by the pleadings will, therefore, be deemed waived."). The Mitchells make no other argument on appeal that Methodist did not establish as a matter of law that the Mitchells' cause of action accrued on November 30, 2007. Regardless, the filing of the Mitchells' lawsuit on January 28, 2008 is more than two years after the accrual date urged by either party.

improperly granted because the medical authorization form attached to the Mitchells' presuit notice was effective to toll limitations.

The two-year limitations period imposed by section 74.251 is tolled for a period of seventy-five days if the claimant provides both the notice and medical authorization form required by Chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051(a), (c), 74.052; *see also Carreras* v. *Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) (holding that "[f]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form"). Section 74.051(a) lists the notice requirements for a health care liability claim:

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a). And section 74.052 prescribes the "Authorization Form for Release of Protected Health Information":

> Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

7

*Id.* § 74.052(a); *see also id.* § 74.052(c) (setting forth medical authorization form).

Together, the notice and medical authorization form encourage presuit investigation, negotiation, and settlement of health care liability claims. *See Carreras*, 339 S.W.3d at 73 ("The Legislature intended that 'by requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide [ ] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage.'") (quoting *In re Collins*, 286 S.W.3d 911, 916−17 (Tex. 2009)). Indeed, the statutorily approved medical authorization form explicitly states that it is intended to facilitate "investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim" or "[d]efense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim." TEX. CIV. PRAC. & REM. CODE § 74.052(c).

Here, the Mitchells gave notice of their health care liability claims on November 26, 2007—a date which neither party disputes preceded the expiration of the limitations period. If the Mitchells sent proper notice of their claims, they stopped the running of the two-year limitations period for seventy-five days, making their January 28, 2008 suit timely. We conclude, however, that the statute of limitations is not tolled because the information omitted from the Mitchells' medical authorization form is statutorily required, and in this case, its omission

8

interferes with the statutory design to enhance the opportunity for presuit investigation, negotiation, and settlement.

In section 74.052(c), the Legislature directed the use of a specific form for authorizing health care providers to both obtain and disclose protected health information for the purpose of investigating, evaluating, and defending against health care liability claims. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c) (providing that medical authorization "shall be" in given form and then setting forth form beginning with "I, ____(name of patient or authorized representative), hereby authorize ____ (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) the protected health information described below"); *see also Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 3152111, at *5 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.) (explaining that claimant's medical authorization form must include "crucial information" listed in section 74.052(c) form for promotion of presuit-notice-requirement's purpose). The Mitchells did not use the section 74.052(c) form; instead, they provided Methodist with a HIPPA-compliant form generally authorizing the disclosure of Mitchell's protected health care information. As Methodist established in its summary judgment motion, the HIPPA form deviated from the section 74.052(c) form in at least two ways: (1) it did not specifically identify Methodist as an entity

authorized to obtain protected health information and (2) it did not identify Mitchell's treating physicians for the five years before "the incident made the basis of the accompanying Notice of Health Care Claim." TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c); *see also Nicholson*, 2009 WL 3152111, at \*5 (observing that section 74.052 requires such information).

The Mitchells dispute that these two omissions are important to our determination of whether the seventy-five-day tolling provision applies. They argue that substantial compliance with the notice requirement is sufficient to toll limitations, and that the HIPPA form substantially complied with section 74.052 (thereby affording Methodist the "ability to investigate the claim and resolve it prior to protracted and costly litigation") because it granted all Mitchell's health care providers "carte blanche" to disclose his protected health information. That Methodist used the form to produce its own medical records without objection for more than three years, according to the Mitchells, buttresses their argument regarding substantial compliance.

This Court, however, has already rejected the Mitchells' argument. *See Nicholson*, 2009 WL 3152111, at \*6. In *Nicholson*, the claimant neglected to include a medical authorization form with her initial notice of health care liability claims, thereby violating section 74.051(a)'s requirement that notice "must" be accompanied by the section 74.052 form. The claimant sent two subsequent

10

medical authorization forms, both of which deviated from section 74.052 in that they failed to (1) disclose the claimant's treating physicians for the previous five years and (2) authorize the health care provider to obtain and disclose protected health information. The Court stressed that the first defect—the claimant's failure to identify her treating physicians for the previous five years—"essentially rendered [her] authorizations meaningless because such an omission discouraged defendants from undertaking an investigation to evaluate [her] claim." *Id.* The failure to comply with both requirements meant the claimant had not substantially complied with sections 74.051 and 74.052, and therefore the limitations period was not tolled. *Id.* The same is true here. Like the *Nicholson* claimant, the Mitchells neglected to comply with both the treating-physicians-disclosure requirement and the authorization-to-obtain-records requirement; therefore, their medical authorization form does not comport with the Legislature's stated intent of encouraging presuit investigation, negotiation, and settlement.

Moreover, that Methodist was able to provide the Mitchells with copies of the protected health information in its own files does not preclude summary judgment on limitations. The medical authorization form is designed to allow the health care provider to both disclose and obtain information. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c). This Court has stated that the authorization form required for tolling to apply must provide authorization to "retrieve [the

11

claimant's] medical records from other medical providers in order . . . to evaluate the strength of [the claimant's] claim with the legislative goal of encouraging settlement." *MacFarlane v. Burke*, No. 01-10-00409-CV, 2011 WL 2503937 at *3 (Tex. App.—Houston [1st Dist.] June 23, 2011, no pet.) (mem. op.). The *McFarlane* claimant, like the Mitchells, provided an authorization form that was sufficient for the health care provider to disclose its own records to the claimant, but it was not sufficient to toll limitations because it did not afford the health care provider the opportunity to obtain records, investigate the claimant's medical history, and make informed decisions about settlement. *Id.*

The summary judgment record establishes that Mitchell had a history of coronary artery disease, type-2 diabetes, hypertension, and increased cholesterol. The notice requirement's purpose of obtaining information is not fulfilled if Methodist is deprived of the opportunity to explore Mitchell's past medical history, including these preexisting conditions, for purposes of evaluating (and potentially settling) his claim.

Finally, the Mitchells argue that, even if their medical authorization form was defective, Methodist, "in essence, waived any statutory right [it] could have asserted" by failing to object to the form and request abatement of the lawsuit. Relying on section 74.052(a)'s provision that the "[f]ailure to provide [the] authorization along with the notice of health care claim shall abate all further

12

proceedings . . . until 60 days following receipt by the physician or health care provider of the required authorization," the Mitchells assert that abatement—not dismissal of their health care liability claim on summary judgment—is Methodist's only remedy. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(a).

The Texas Supreme Court in *Carreras* rejected this interpretation of section 74.052(a)'s abatement provision as unreasonable in situations in which the tolling provision is at issue. *See* 339 S.W.3d at 73. Because section 74.0251 does not set a deadline by which health care liability claimants must abide,

> the abatement could continue at the [claimant's] leisure until sixty days after the [claimant] chooses to provide the [health care provider] with an authorization. It is not reasonable to interpret a statute which is meant to provide speedy resolution of meritorious health care liability claims and quick dismissal of nonmeritorious claims to allow a lengthy or indefinite delay of the resolution of a health care liability claim.
>
> . . .
>
> [T]he abatement has a use in situations in which the tolling provision is not at issue. If notice is provided without an authorization well within the statute of limitations, and the case could be filed sixty days later and still fall within the limitations period, the [health care provider's] statutory remedy is to halt proceedings until an authorization form is received.

*Id.* at 73−74. Here, the abatement provision has no application because the Mitchells' suit could not have been abated and still filed within the limitations period.

13

For all of the foregoing reasons, we conclude that the trial court did not err in granting Methodist's motion for summary judgment because Methodist established as a matter of law that the two-year statute of limitations was not tolled for a period of seventy-five days. We overrule the Mitchells' issue on appeal.

## Conclusion

The Mitchells' health care liability claims are time-barred because the Mitchells did not file their claims within the applicable limitations period or properly invoke section 74.051's seventy-five-day tolling provision. Consequently, we affirm the trial court's rendition of summary judgment for Methodist. All outstanding motions are overruled as moot.


Harvey Brown
Justice

Panel consists of Justices Bland, Massengale, and Brown.

14