ACCEPTED
01-15-00350-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/17/2015 10:24:05 AM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00350-CV**

**IN THE FIRST COURT OF APPEALS**

**AT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/17/2015 10:24:05 AM
CHRISTOPHER A. PRINE
Clerk

**SHAN KOVALY,**
**Appellant**

**v.**

**TULSIDAS KURVANKA, ET AL., AND**
**IKEDINOBI U. ENI, M.D., ET AL.,**
**Appellees**

Appeal from Cause No. 2014-66001, in the
113th District Court of Harris County, Texas

**APPELLANT'S BRIEF**

**SIMPSON, P.C.**

Iain G. Simpson
State Bar No. 00791667
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
(281) 989-0742
iain@simpsonpc.com
APPELLATE COUNSEL FOR
SHAN KOVALY

**ORAL ARGUMENT CONDITIONALLY REQUESTED**

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................v

INDEX OF AUTHORITIES........................................................................ vii

STATEMENT OF THE CASE......................................................................ix

STATEMENT CONCERNING ORAL ARGUMENT ...................................x

ISSUES PRESENTED ..................................................................................1

The trial court erred by granting all defendants/appellees summary judgment on Kovaly's healthcare liability claims.

STATEMENT OF FACTS...............................................................................2

*Factual History* ................................................................................2

*Procedural History* ..........................................................................3

SUMMARY OF THE ARGUMENT..............................................................4

ARGUMENT.................................................................................................5

I.     The Standard of Review...............................................................5

II.    Kovaly's cause of action accrued, at the earliest on August 20, 2012..................................................................................6

III.   The Medical Liability Act's limitations period is two years—plus 75 days where pre-suit notice is given.................7

1.     *The Medical Liability Act's tolling provision.* ........................7

a.     <u>"Tolling and "notice" are not the same thing.</u> ...........................................................8

     b.     <u>Under *De Checa,* notice given to one party tolls limitations as to all potential parties, including those who do not receive notice.</u> ............9

    2.     *Notice to Wal-Mart Stores Texas tolled limitations as to Drs. Eni and Kuruvanka.* .................................................10

    3.     *The Appellees argued before the trial court that the opportunity for pre-suit evaluation and settlement negotiation is a significant policy consideration. But it is not the only pertinent consideration.* .............................12

    4.     *The policy preference for pre-suit evaluation gives way to other considerations.* .................................................13

**IV.    Kovaly gave notice to a defendant within two years and filed the instant suit within the extended limitations period, and the trial court's granting summary judgment on the basis of limitations was, therefore, erroneous.** .................................................16

CONCLUSION .............................................................................17

PRAYER...........................................................................................18

CERTIFICATE OF COMPLIANCE ...............................................19

CERTIFICATE OF SERVICE .........................................................20

APPENDIX

    Summary Judgment Order.......................................... Appendix 1

    TEX. CIV. PRAC. & REM. CODE § 74.051. ................... Appendix 2

    TEX. CIV. PRAC. & REM. CODE § 74.052 .................... Appendix 3

TEX. CIV. PRAC. & REM. CODE § 74.251 .................................. Appendix 4

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT**

Shan Kovaly

**Appellate Counsel:**

Iain G. Simpson
Simpson, P.C.
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
(281) 989-0742
(281) 596-6960 – facsimile
iain@simpsonpc.com

**Trial Counsel:**

Steven R. Davis
Davis & Davis
440 Louisiana, Suite 1850
Houston, Texas 77002
(713) 781-5200
(713) 781-2235 – facsimile
steve@davis-davislaw.com

**APPELLEES**

Tulsidas Kuruvanka, M.D., and Northwest Houston Cardiology, P.A.

**Trial Counsel:**

James B. Edwards
Edwards & Stephens
12603 Southwest Freeway, Suite 200
Stafford, Texas 77477
(281) 277-4940
(281) 277-4974 – facsimile
jbe@malpracticedefense.com

Ikedinobi U. Eni, M.D.; Ikedinobi U. Eni, M.D., P.A.; and Eni Health Care

**Trial Counsel:**

Joel Sprott
Sprott, Newsom, Lunceford, et al.
2211 Norfolk, Suite 1150
Houston, Texas 77098
(713) 523-8338
(713) 523-9422 – facsimile
sprott@sprottnewsom.com

**Lead Appellate Counsel:**

Diana Faust
Cooper & Scully, PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Diana.faust@cooperscully.com

# INDEX OF AUTHORITIES

## *Cases*

*Carreras v. Marroquin,*
339 S.W.3d 68 (Tex. 2011)................................................................. 13

*College Station Med. Ctr. v. Kilaspa,*
No. 10-14-00374-CV, 2015 Tex. App. LEXIS 7618
(Tex. App.—Waco Jul. 23, 2015, n.p.h.). ................................14-15, 17

*De Checa v. Diagnostic Ctr. Hosp.,*
852 S.W.2d 935 (Tex. 1993).................................. 8, 9, 10, 11, 13, 16, 17

*Diversicare Gen. Ptnr., Inc. v. Rubio,*
185 S.W.3d 842 (Tex. 2005)....................................................................6

*Mitchell v. The Methodist Hospital,*
376 S.W.3d 833
(Tex. App.—Houston [1st Dist.] 2012, pet. denied)..................... 11, 12

*Parrish v. Brooks,*
856 S.W.2d 522 (Tex. App.—Texarkana 1993, no writ).................... 10

*Provident Life & Accident Ins. v. Knott,*
128 S.W.3d 211 (Tex. 2003)....................................................................5

*Pustejovsky v. Rapid-American Corp.,*
35 S.W.3d 643 (Tex. 2000)......................................................................6

*Rabatin v. Vazquez,*
281 S.W.3d 563 (Tex. App.—El Paso 2008, no pet.). ........................ 10

*Sewell v. Adams,*
854 S.W.2d 257, 261
(Tex. App.—Houston [14th Dist.] 1993, no writ). ......................... 8, 10

*Shah v. Moss,*
 67 S.W.3d 836 (Tex. 2001)...........................................................6

*Thompson v. Community Health Inv.,*
 923 S.W.2d 569 (Tex. 1996)......................................... 7, 8, 16

## *Statutes*

TEX. CIV. PRAC. & REM. CODE § 74.051...........................................3, 7, 8, 11-17

TEX. CIV. PRAC. & REM. CODE § 74.052............................................. 3, 7, 11, 12

TEX. CIV. PRAC. & REM. CODE § 74.251............................................. 6, 7, 14, 16

## *Rules*

TEX. R. APP. P. 9.4 ...................................................................... 18

TEX. R. APP. P. 38.1 ........................................................................1

TEX. R. CIV. P. 166a........................................................................5

## STATEMENT OF THE CASE

### Nature of the Underlying Proceeding

The case before the Court is a healthcare liability claim based upon an incorrectly written prescription for medication.

### Subject of Relief

The case comes before the Court on appeal from the trial court's granting summary judgment to all parties based upon the affirmative defense of the statute of limitations. Kovaly seeks reversal of the trial court's Order.

## STATEMENT CONCERNING ORAL ARGUMENT

Kovaly requests oral argument only conditionally. Kovaly's arguments are based upon settled case law from the Texas Supreme Court. It is the Appellees who are likely to argue that this Court should—as the trial court did—ignore that settled precedent. The Appellees are, thus, more likely to press for oral argument. Should the Court grant it to them, Kovaly requests equal time. Otherwise, Kovaly waives oral argument.

**IN THE FIRST COURT OF APPEALS**

**AT HOUSTON, TEXAS**

---

**SHAN KOVALY,**
**Appellant**

**v.**

**TULSIDAS KURVANKA, ET AL., AND**
**IKEDINOBI U. ENI, M.D., ET AL.,**
**Appellees**

---

Appeal from Cause No. 2014-66001, in the
113th District Court of Harris County, Texas

---

**APPELLANT'S BRIEF**

---

Pursuant to TEX. R. APP. P. 38.1, Appellant Shan Kovaly files this

Appellant's Brief.

**ISSUES PRESENTED**

The trial court erred by granting all defendants/appellees
summary judgment on Kovaly's healthcare liability claims.

1

**STATEMENT OF FACTS**

*Factual History*

The relevant facts are largely undisputed. Kovaly presented to Houston Northwest Medical Center on August 28, 2012, with complaints of chest pain. CR 5. His evaluation revealed elevated cardiac biomarkers. *Id.* Kovaly underwent angioplasty with stenting by Dr. Kuruvanka. *Id.* Upon his discharge, Kovaly was prescribed Lopressor 25 mg twice a day, Pravachol 20 mg at bedtime, aspirin 325 mg daily, Plavix 75 mg daily and Lisinopril 10 mg twice daily. *Id.* Dr. Kuruvanka prescribed the medications, and Dr. Eni discharged him from the hospital on August 30, 2012. *Id.* Neither reviewed his prescriptions to ensure they were complete. *Id.*

Subsequently, Kovaly timely presented his prescriptions to a Wal-Mart pharmacy for filling. *Id.* Wal-Mart's pharmacist refused to fill the prescriptions due to the prescriptions' omission of a quantity of pills to be dispensed. *Id.* Neither Wal-Mart nor Kovaly were able to reach either of the Defendant physicians over a period of the next four days. *Id.* On September 4, 2012, Kovaly was readmitted to Houston Northwest Medical Center with chest pain. CR 6. Ultimately, he was found to have in-stent thrombosis, attributable to the fact that he was not taking the prescribed Plavix—a

2

blood thinner. *Id.* He has required additional hospitalization and treatment, as a result. *Id.*

### *Procedural History*

On July 23, 2013, Kovaly, through his attorneys, sent pre-suit notice and a health care authorization to Wal-Mart Stores Texas, LLC, as required by TEX. CIV. PRAC. & REM. CODE §§ 74.051 and 74.052. CR 82-85. On July 25, 2013, Kovaly filed suit against Wal-Mart Stores Texas and several of its unknown agents. CR 88-94. The facts, as recited by Kovaly's lawsuit against Wal-Mart Stores Texas, describe the same incident and injuries that are the subject of the case at bar. *Id.* Wal-Mart Stores Texas removed Kovaly's suit to federal court, where it ultimately was awarded summary judgment on the grounds that it had no duty to fill an incomplete prescription on October 21, 2014.[1] On November 11, 2014—273 days after leaving Dr. Eni's and Dr. Kuruvanka's care—Kovaly filed the instant suit. CR 3-9.

Both the Eni and Kuruvanka defendants made appearances and later moved for traditional summary judgment on the sole ground of the statute

---

[1] The ruling is currently on appeal before the Fifth Circuit Court of Appeals.

of limitations, arguing that Kovaly filed suit against them outside the two-year limitations period. CR 21-29; 35-45. Both sets of defendants acknowledged the notice letter and authorization sent by Kovaly to Wal-Mart in July of 2013. CR 30-33; 55-58. In his summary judgment response, Kovaly argued that notice to one potential defendant triggers a 75-day tolling period under the Texas Medical Liability Act, after which the limitations period continues to run and that his notice to Wal-Mart was sufficient to trigger the tolling period. CR 68-81. The defendants responded that the notice to Wal-Mart was not sufficient to trigger the tolling period as to anyone but Wal-Mart and, consequently, the regular two-year statute applied. CR 95-102. Shortly following argument, the trial court granted summary judgment to all defendants. CR 103. Kovaly timely filed a Motion for New Trial (CR 104-107) and subsequently appealed. CR 108-109.

## SUMMARY OF THE ARGUMENT

Pre-suit notice is not a sacred cow. The actual notice that is needed for a defendant to have sufficient information to decide whether to negotiate a settlement or opt in for litigation is not the same as the constructive notice that serves to toll limitations under the Medical

4

Liability Act. Settled Texas Supreme Court precedent establishes that the latter requires only notice sent to one party to toll limitations as to every party and potential party. Notice as to one equals tolling as to all. The remedy for the healthcare provider who does not receive pre-suit notice is abatement, not summary judgment. Texas law recognizes that, while an opportunity to evaluate a claim before filing an appearance is laudable policy, that policy gives way when effective and efficient judicial administration calls for a uniform limitations period and an opportunity to evaluate a case on its genuine merits. The trial court's Order erroneously ignores the rule set by the Texas Supreme Court. That Order should be reversed.

## ARGUMENT

### I.     The Standard of Review

Texas appellate courts review summary judgments under a *de novo* standard. *Provident Life & Accident Ins. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). The party moving for summary judgment is charged with proving that there are no material issues of fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The case at bar presents a pure legal issue for the Court to decide

## II. Kovaly's cause of action accrued, at the earliest, on August 30, 2012.

A defendant moving for summary judgment on the affirmative defense of limitations must prove conclusively the elements of that defense. *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000). This includes proving when the plaintiff's cause of action accrued. *Diversicare Gen. Ptnr., Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). TEX. CIV. PRAC. & REM. CODE § 74.251(a) "measures the limitations period for medical negligence from one of three dates: (1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization." *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001) (interpreting predecessor statute).

All Defendants and Kovaly agreed before the trial court that Kovaly's cause of action accrued no earlier than August 30, 2012. CR 24; 39. This date meets, arguably, all three of § 74.251(a)'s measures. It is the date Kovaly was discharged from Houston Northwest Medical Center. It is the date he received the deficient prescriptions from the Defendants. And it is, again arguably, the last date of the relevant course of treatment.

6

**III.** **The Medical Liability Act's limitations period is two years—plus 75 days where pre-suit notice is given.**

The Medical Liability Act provides a limitations period of two years from the date of accrual. TEX. CIV. PRAC. & REM. CODE § 74.251(a).

*1.*     *The Medical Liability Act's tolling provision.*

The real crux of the Defendant's summary judgment motions and the trial court's ruling on them is the applicability of TEX. CIV. PRAC. & REM. CODE § 74.051(c)'s tolling provision. Sec. 74.051(a) requires that any person or his authorized agent asserting a health care liability claim must give written notice of the claim by certified mail to each physician or health care provider against whom the claim is being made at least 60 days before filing suit. *See* TEX. CIV. PRAC. & REM. CODE § 74.051(a). The notice must be accompanied by a medical authorization in the form specified by TEX. CIV. PRAC. & REM. CODE § 74.052(a). Service of the notice required by § 74.051 and the authorization required by § 74.052, accomplished within the limitations period, tolls the applicable limitations period for 75 days. TEX. CIV. PRAC. & REM. CODE § 74.051(c); *Thompson v. Community Health Inv.*, 923 S.W.2d 569 (Tex. 1996).

## a. "Tolling" and "notice" are not the same thing.

"Notice" is given to the party who receives a notice letter. In contrast, "tolling" applies to the health care provider who receives the notice and authorization and *also* applies to "all parties and potential parties," as well. TEX. CIV. PRAC. & REM. CODE § 74.051(c); 923 S.W.2d, at 571. In short, once tolling is accomplished with respect to one party, it is accomplished with respect to every party and every *potential* party. *De Checa v. Diagnostic Ctr. Hosp.*, 852 S.W.2d 935, 938 (Tex. 1993) ("[N]otice to one serves to toll the limitations period for all."). *See also Sewell v. Adams*, 854 S.W.2d 257, 261 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("When notice is sent to any health care provider within two years of the claim's accrual, the limitations period for all defendants is tolled for seventy-five days."). "Proper presuit notice provided by the claimant within this initial two-year period tolls the two-year limitations period for 75 days not only as to the health care provider who actually received the notice before limitations ran, but 'to all parties and potential parties' as well. After the expiration of 75 days, the remaining portion of the limitations period continues to run." *Thompson v. Community Health Inv.*, 923 S.W.2d, at 571.

b.  Under *De Checa*, notice given to one party tolls limitations as to all potential parties including those who do not receive notice.

In *De Checa,* the Texas Supreme Court set out a timeline of significant events.  852 S.W.2d, at 937, n. 3.  It noted that the plaintiff's limitations period began to run on September 25, 1986.  *Id.*  It noted two dates within the limitations period where the plaintiff gave notice of the claim to two health care providers who were not ultimately involved in the appeal.  *Id.* Then it noted the close of the limitations period on September 25, 1988.  *Id.* And it recited the notification of the defendant physicians—Drs. Davis, Burbridge, and Burnazian—who were involved in the appeal; notification that came over two years after accrual of the cause of action, but less than two years and 75 days from that accrual.  *Id.*  Finally, the Court noted that the plaintiffs filed suit against the defendant physicians—Davis, Burbridge, and Burnazian—within two years and seventy-five days from accrual of the cause of action.  *Id.* The Court observed that the plaintiffs "served presuit notice of their claim on other health care providers who are not involved in this proceeding within two years of accrual.  They served presuit notice on the [defendants in that suit] within two years and seventy-five days."  852 S.W.2d, at 937.

The plaintiffs/appellants in *De Checa* argued that the notice of the claim they sent to other defendants within the limitations period operated, not as notice to Drs. Davis, Burbridge, and Burnazian, but to invoke the medical liability statute's tolling provision. *Id.* In response, the defendants/appellees asserted the same argument that the Defendants asserted in the trial court. They argued that, when a health care provider is served with notice of a claim, the tolling period extends only to the recipient of the notice. The Texas Supreme Court rejected the argument of Drs. Davis, Burbridge, and Burnazian over twenty years ago, and the argument has not gained credence with age. Indeed, it has been steadily rejected. *Parrish v. Brooks,* 856 S.W.2d 522, 527 (Tex. App.—Texarkana 1993, no writ); *Rabatin v. Vazquez,* 281 S.W.3d 563, 567 (Tex. App.—El Paso 2008, no pet); *Sewell,* 854 S.W.2d, at 261. As the Texas Supreme Court held over twenty years ago: "notice to one serves to toll the limitations period for all." *De Checa,* 852 S.W.2d, at 937.

2.    *Notice to Wal-Mart Stores Texas tolled limitations as to Drs. Eni and Kuruvanka.*

Kovaly does not suggest that notice to one party provides notice to every party, only that—as the Texas Supreme Court and Texas appellate

10

courts have held—notice to one party provides *tolling* as to all. *See, e.g.,* 852 S.W.2d, at 937. Kovaly's suit against Wal-Mart Stores Texas arose from the same facts as the instant suit, and his pre-suit notice provided entirely adequate notice to Wal-Mart. CR 82-85. This was sufficient to toll limitations for 75 days as to both Wal-Mart and all other "potential parties," including the Defendants, herein. *See* TEX. CIV. PRAC. & REM. CODE § 74.051(c).

Where tolling is not at issue—and the Texas Supreme Court's holding in *De Checa* demonstrates that, here, it is not—a defendant's remedy, in the event that it has not received an appropriate authorization to obtain healthcare information, is abatement, not summary judgment. *See* TEX. CIV. PRAC. & REM. CODE § 74.052(a) (failure to provide authorization along with notice of claim abates further proceedings until 60 days following receipt of the required authorization); *Mitchell v. The Methodist Hospital*, 376 S.W.3d 833, 839 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("[T]he abatement has a use in situations in which the tolling provision is not at issue.").[2]

---

[2]     Both sets of defendants/appellees cited *Mitchell* in their summary judgment motions. Notably, nowhere in *Mitchell* is there any suggestion that any party was

11

Both Motions for summary judgment argued that the statutorily required authorization provided by Kovaly was insufficient because it allowed only Wal-Mart access to his records. CR 25-26. Therefore, they argue, it is insufficient because it did not provide *these defendants* with authorization to obtain Kovaly's medical records. *Id.* But the question is not whether the authorization was adequate for them, but whether it was adequate for Wal-Mart. Once adequate notice and authorization are served on *one* party—and even Drs. Eni and Kuruvanka appeared to acknowledge that this occurred—tolling occurs as to *all* parties and potential parties, even if others have received no notice, adequate or not. *De Checa*, 852 S.W.2d, at 938.

> 3. *The Appellees argued before the trial court that the opportunity for pre-suit evaluation and settlement negotiation is a significant policy consideration. But it is not the only pertinent consideration.*

The physician defendants argued with some force that the purpose of pre-suit notice is to allow a healthcare provider to obtain medical records and evaluate a potential claim before suit is ever filed. CR 26. There is no

---

timely served with notice and an appropriate medical authorization form. Indeed, the Court specifically noted that the only notice letter sent by the *Mitchell* plaintiffs—to defendant The Methodist Hospital—included an authorization that was not in the form prescribed by TEX. CIV. PRAC. & REM. CODE § 74.052. 376 S.W.3d, at 834. Consequently, § 74.051(c)'s tolling provision was never invoked. It is a critical distinction.

question that this is a goal of the Medical Liability Act's notice provision. *See, generally*, TEX. CIV. PRAC. & REM. CODE § 74.051. But this policy consideration gives way to other considerations, where necessary. As the Texas Supreme Court observed in *De Checa*, "Our legislature intended to enact a strict and predictable limitations period." 852 S.W.2d, at 938. The Court observed that parsing limitations periods depending on who received timely notice and who did not would undermine this legislative intent. *Id.* But this is exactly what was suggested by the Appellees before the trial court and exactly what the trial court accepted. According to the Appellees' reading of the law, the limitations period applicable to Wal-Mart is different than the limitations period applicable to Drs. Eni and Kuruvanka, despite all claims against all parties arising out of substantially the same transaction, arising within a single 24-hour period, and resulting in the same claimed damages.

4. *The policy preference for pre-suit evaluation gives way to other considerations.*

Before the trial court, the Drs. Eni and Kuruvanka leaned heavily on the case of *Carreras v. Marroquin*, 339 S.W.3d 68 (Tex. 2011). In that case, the Texas Supreme Court held that a pre-suit notice letter that did not include

13

the statutorily required medical authorization form did not trigger the tolling provision of TEX. CIV. PRAC. & REM. CODE § 74.051(c). From this, the Appellees concluded that all parties and potential parties must receive a pre-suit medical authorization for the tolling to be effective as to them, even as they confessed that their argument has never been accepted by any Texas court. CR 97.

But pre-suit evaluation of claims is not the sacred cow that the Appellees argued before the trial court. *De Checa* recognized that, under exigent circumstances, a plaintiff may be required to file suit before the sixty day pre-suit notice period elapses. 852 S.W.2d, at 938. In such instances, abatement—not summary judgment—is the available remedy. The failure to serve a *particular* health care provider with notice—as distinguished from a failure to serve *any* health care provider—results only in abatement as to that defendant. *Id.*

Moreover, at least one Texas court of appeals has recently held that "providing" notice within the meaning of § 74.051(c) does not mean that a notice letter even need be received to allow tolling of limitations. *See College Station Med. Ctr. v. Kilaspa,* No. 10-14-00374-CV, 2015 Tex. App. LEXIS 7618 (Tex. App.—Waco Jul. 23, 2015, n.p.h.). In *Kilaspa,* the plaintiffs

14

filed suit against a physician defendant and the Medical Center defendant outside the two-year limitations period of § 74.251(a), but within the extend limitations period. The defendants moved for summary judgment on the ground of limitations, arguing that neither received the statutory notice letter and, thus, the tolling provision of § 74.051(c) was never triggered. The plaintiffs admitted that they had sent no notice at all to the Medical Center defendant but argued that the tolling provision was nevertheless invoked because they timely mailed a sufficient notice to the physician defendant, even though it was never received. They argued that the notice was effective to toll limitations even if unclaimed or undelivered.

A majority of the Waco court held that § 74.051 does not require a plaintiff to ensure that a defendant actually receives notice. Consequently, summary judgment for the physician defendant—to whom notice was sent, but never received—was improper. But, more significantly for this case, the Court also held that summary judgment for the Medical Center defendant—to whom notice was never even sent—was unsupportable. As long as appropriate notice was sent—meaning written notice of the claim via certified mail, return receipt requested, sent within the two-year limitations period—the limitations period was tolled as to both defendants,

15

the one to which notice was sent and the one to which *no* notice was sent. Once again, pre-suit evaluation gives way to greater considerations of uniformity of limitations periods and allowing claims to go forward and have their merits reached.

**IV.   Kovaly gave notice to a defendant within two years and filed the instant suit within the extended limitations period, and the trial court's granting summary judgment on the basis of limitations was, therefore, erroneous.**

On July 23, 2013, less than one year after his cause of action accrued, Kovaly, through his attorneys, sent pre-suit notice and a health care authorization to Wal-Mart Stores Texas, LLC. CR 82-85. Thus, Kovaly served notice and an authorization on a healthcare provider well within the two-year limitations period and began the 75-day tolling period. *See De Checa,* 852 S.W.2d, at 938. After that 75 days expired, limitations began to run again. *Thompson,* 923 S.W.2d, at 571 ("After the expiration of 75 days, the remaining portion of the limitations period continues to run."). On Tuesday, November 11, 2014, Kovaly filed the instant suit. Under the extended limitations period—that is, the two-year period provided by TEX. CIV. PRAC. & REM. CODE § 74.251(a) plus the 75-day tolling period provided by TEX. CIV. PRAC. & REM. CODE § 74.051(c)—the limitations period ended

16

on Thursday, November 13, 2014.  Thus, Kovaly filed his suit within the extended limitations period.

The trial court's Order stands for the prospect that the 75-day tolling provision of TEX. CIV. PRAC. & REM. CODE § 74.051(c) was never triggered. It can be read no other way.  And as such, it flies directly in the face of the Texas Supreme Court's holding in *De Checa*. It is erroneous, *per se*, and merits reversal.

## CONCLUSION

Tolling and notice are not synonymous, and they do not go hand in hand.  Although the Appellees argued in the trial court that the law has changed, the Texas Supreme Court's precedent has not.  *De Checa*—as established law—still governs this case and mandates reversal of the trial court's summary judgment Order.  *De Checa* states clearly that the policy behind pre-suit notice is not untouchable.  It gives way where necessary to maintain uniformity of law within the case and reach the merits of a claim.

While the Appellees make much of the changes to the law that took place in 2003 and post-date *De Checa,* no Texas court has, to date, accepted their arguments, and the Waco court very recently appears to have rejected them in *Kilaspa.*  That ruling is wholly inconsistent with the Appellees'

17

position before the trial court. Moreover, it is not for trial courts to buck the established holdings of the Texas Supreme Court. Even the Appellees appear to acknowledge that the facts and holding of *De Checa* are applicable to the facts at bar. When the Texas Supreme Court overrules *De Checa,* the trial court need no longer observe it. Until that happens, *De Checa* is still law.

## PRAYER

For the foregoing reasons, Appellant Shan Kovaly respectfully requests that the trial court's Order granting summary judgment to Ikedinobi U. Eni, M.D.; Ikedinobi U. Eni, M.D., P.A.; and Eni Health Care, and to Tulsidas Kuruvanka, M.D., and Northwest Houston Cardiology, P.A., be reversed and that this case be remanded for further proceedings.

Respectfully submitted,

**SIMPSON, P.C.**

*/s/ Iain G. Simpson*

_____

Iain G. Simpson
State Bar No. 00791667
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
(281) 989-0742
(281) 596-6960 (fax)
iain@simpsonpc.com

APPELLATE COUNSEL FOR
SHAN KOVALY

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Appellant's Brief is computer-generated, that those portions required to be counted by Rule 9.4(i)(1), Texas Rules of Appellate Procedure, contain 3,551 words according to the word-count function of the application used to create it, and that it complies with the word-count requirements of Rule 9.4, Texas Rules of Appellate Procedure. It is printed in 14-point typeface, except for the footnotes, which are in 12-point typeface.

*/s/ Iain G. Simpson*

_____

Iain G. Simpson

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellant's Brief was served this 17th day of September, 2015, via facsimile, hand delivery, electronic service, or certified U.S. Mail, on the following:

James B. Edwards
Edwards & Stephens
12603 Southwest Freeway, Suite 200
Stafford, Texas 77477
(281) 277-4940
(281) 277-4974 – facsimile
jbe@malpracticedefense.com

COUNSEL FOR TULSIDAS KURUVANKA, M.D., AND NORTHWEST HOUSTON CARDIOLOGY, P.A.

Joel Sprott
Sprott, Newsom, Lunceford, et al.
2211 Norfolk, Suite 1150
Houston, Texas 77098
(713) 523-8338
(713) 523-9422 – facsimile
sprott@sprottnewsom.com

Diana Faust
Cooper & Scully, PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Diana.faust@cooperscully.com

COUNSEL FOR IKEDINOBI U. ENI, M.D.; IKEDINOBI U. ENI, M.D., P.A.; AND ENI HEALTH CARE

*/s/ Iain G. Simpson*

Iain G. Simpson

# APPENDIX 1



FILED
Chris Daniel
District Clerk
MAR 20 2015
Time _____
By _____ Harris County _____
Deputy

SHAN KOVALY                                §
                                           §
        Plaintiff                          §
                                           §
vs                                         §
                                           §
                                           §
IKEDINOBI U ENI, M D ,                     §
IKEDINOBI U ENI, P A ,                     §
ENI HEALTH CARE                            §
TULSIDAS S KURUVANKA and                   §
NORTHWEST HOUSTON                          §
CARDIOLOGY, P A                            §
                                           §
        Defendants                         §

IN THE DISTRICT COURT

OF HARRIS COUNTY, TEXAS

113TH JUDICIAL DISTRICT

## FINAL SUMMARY JUDGMENT

Defendants Ikedinobi U Eni, MD, Ikedinobi U Eni, MD, PA and Eni Health Care Traditional Motion for Summary Judgment, filed February 20, 2015, and Traditional Motion for Summary Judgment of Defendants Tulsidas S Kuruvanka, M D and Northwest Houston Cardiology, P A , filed February 26, 2015, were heard The parties appeared The Court considered all timely-filed papers germane to the motion, applicable authority and the argument presented in court

Summary judgment is awarded in favor of all Defendants and against Plaintiff All of the Plaintiff's causes of action are dismissed

Costs are taxed against the Plaintiff

This is a final judgment that disposes of all claims and it is appealable

Signed March 20, 2015

_____
Michael Landrum, Judge

103

# APPENDIX 2

Sec. 74.051.  NOTICE.  (a)  Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.  The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

(b)  In such pleadings as are subsequently filed in any court, each party shall state that it has fully complied with the provisions of this section and Section 74.052 and shall provide such evidence thereof as the judge of the court may require to determine if the provisions of this chapter have been met.

(c)  Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

(d)  All parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of receipt of a written request for such records;  provided, however, that the receipt of a medical authorization in the form required by Section 74.052 executed by the claimant herein shall be considered compliance by the claimant with this subsection.

(e)  For the purposes of this section, and notwithstanding Chapter 159, Occupations Code, or any other law, a request for the medical records of a deceased person or a person who is incompetent shall be deemed to be valid if accompanied by an authorization in the form required by Section 74.052 signed by a parent, spouse, or adult child of the deceased or incompetent person.

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.

# APPENDIX 3

Sec. 74.052.  AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION.  (a)  Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section.  Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

(b)  If the authorization required by this section is modified or revoked, the physician or health care provider to whom the authorization has been given shall have the option to abate all further proceedings until 60 days following receipt of a replacement authorization that must comply with the form specified by this section.

(c)  The medical authorization required by this section shall be in the following form and shall be construed in accordance with the "Standards for Privacy of Individually Identifiable Health Information" (45 C.F.R. Parts 160 and 164).

AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION

A. I, _____ (name of patient or authorized representative), hereby authorize _____ (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim;  or

2. Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B. The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

1. The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated _____ (patient) in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim.  (Here list the name and current address of all treating physicians or health care providers). This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat _____ (patient) for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

2. The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated _____ (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim.  (Here list the name and current address of such physicians or health care providers, if applicable.)

C. Excluded Health Information--the following constitutes a list of physicians or health care providers possessing health care information concerning _____ (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of _____ (patient) arising out of the claim made the basis of the accompanying Notice of Health Care Claim.  (Here state "none" or list the name of each physician or health care provider to whom this authorization does not extend and the inclusive dates of examination, evaluation, or treatment to be withheld from disclosure.)

D. The persons or class of persons to whom the health information of _____ (patient) will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to _____ (patient);

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of _____ (patient);

3. Any consulting or testifying experts employed by or on behalf of _____ (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of _____ (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of _____ (patient).

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing.  I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient/Representative

_____

Date

_____

Name of Patient/Representative

_____

Description of Representative's Authority

_____

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.

# APPENDIX 4

Sec. 74.251.  STATUTE OF LIMITATIONS ON HEALTH CARE LIABILITY CLAIMS.  (a)  Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim.  Except as herein provided this section applies to all persons regardless of minority or other legal disability.

(b)  A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim.  This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.